ACCEPTED
14-15-00449-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
10/26/2015 11:42:55 AM
CHRISTOPHER PRINE
CLERK

No. 14-15-00449-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
10/26/2015 11:42:55 AM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOR THE FOURTEENTH JUDICIAL DISTRICT
HOUSTON, TEXAS

---

THE UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON,

APPELLANT,

V.

CAROLYN CALLAS, RAY CALLAS AND JAMIE CALLAS, INDIVIDUALLY
AND AS THE REPRESENTATIVES OF THE ESTATE OF GERALD CALLAS
AND FOR AND ON BEHALF OF ANY WRONGFUL DEATH
BENEFICIARIES,

APPELLEES.

---

On Appeal from the 212th Judicial District Court
Galveston County, Texas
No. 14-CV-0927

---

## APPELLANT'S REPLY BRIEF

---

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for
Civil Litigation

KARA L. KENNEDY
Chief, Tort Litigation Division

S. RONALD KEISTER
Assistant Attorney General
Attorney-In-Charge
State Bar Number 11185300

Tort Litigation Division
P.O. Box 12548, MC-030
Austin, Texas 78711-2548
TEL: (512) 463-2197
FAX: (512) 457-4435
ronny.keister@texasattorneygeneral.gov
COUNSEL FOR APPELLANT

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................... ii

INDEX OF AUTHORITIES ...................................................................................iv

APPELLANT'S REPLY BRIEF ..............................................................................1

    I.     OBJECTION TO STATEMENT OF FACTS ....................................2

    II.   THE APPROPRIATE STANDARD OF REVIEW FOR THIS
         APPEAL IS DE NOVO ....................................................................2

    III.  SUFFICIENCY OF THE EXPERT REPORT OR THAT IT
         CONSTITUTES "NO REPORT" ARE NOT ISSUES BEFORE
         THE COURT ...................................................................................5

    IV.  CONSTRUCTIVE SERVICE DOES NOT APPLY TO THIS
         CASE .............................................................................................7

    V.   APPELLANT'S COMPLAINT IS NOT THAT THE APPELLEES
         FAILED TO SERVE MEDICAL RECORDS ..................................11

    VI.  THE TEXAS SUPREME COURT DID NOT APPLY RULE 4,
         TRCP, TO THE CALCULATION OF THE 120-day DEADLINE IN
         *Badiga v. Lopez*, 274 S.W.3d 681 (Tex. 2009) ...................................14

    VII. THE COURTS OF APPEAL DECISIONS APPLYING RULE 4,
         TRCP, TO THE CALCULATION OF THE 120-day DEADLINE
         WERE WRONGLY DECIDED........................................................18

    VIII. *Eikenhorst v. Wellbrock,* 2008 WL 2339735 (Tex.App-Houston
         [1st Dist.] 2008, no petition) IS NOT APPLICABLE TO THE CASE
         BEFORE THE COURT .................................................................21

    IX.  EMAIL SERVICE AFTER 5:00 P.M. IS DEEMED COMPLETED
         THE NEXT DAY ..........................................................................25

X.  ELECTRONIC SERVICE WAS REQUIRED PURSUANT TO
    RULE 21a(a)(1), TRCP........................................................................28

PRAYER FOR RELIEF ....................................................................................31

CERTIFICATE OF COMPLIANCE..................................................................32

CERTIFICATE OF SERVICE ..........................................................................33

APPENDIX ........................................................................................................34

A)  *Badiga v. Lopez,* BRIEF ON THE MERITS OF THE PETITONER

B)  *Badiga v. Lopez,* RESPONDENT'S NOTICE OF INTENT TO RELY ON
    RESPONDENT'S RESPONSE TO PETITION FOR REVIEW AND THE
    RESPONDENT'S RESPONSE TO PETITION FOR REVIEW

# INDEX OF AUTHORITIES

**CASES**

*Badiga v. Lopez*,
274 S.W.3d 681 (Tex. 2009) ....................................................................14

*Badiga v. Lopez,*
2005 WL 1572273 (Tex. App.-Corpus Chrisiti-Edinburg 2005, rev'd, 274
S.W.3d 681 (Tex. 2009) ...............................................................15

*Badiga v. Lopez,*
2009 WL 4893565 (Tex. App.-Corpus Chrisiti-Edinburg 2009,
no petition)..............................................................................15

*Carpinteyro v. Gomez,*
403 S.W.3d 508 (Tex. App.-San Antonio 2013, pet. denied) .................19, 21

*Christus Santa Rosa Health Care Corporation v. Vasquez,*
427 S.W.3d 451 (Tex. App.-San Antonio 2014, no petition) ......................24

*Eikenhorst v. Wellbrock,*
2008 WL 2339735 (Tex. App-Houston [1st Dist.] 2008,
no petition)..............................................................................21, 22, 24, 25

*Fung v. Fischer*,
365 S.W.3d 507 (Tex. App-Austin 2012, no petition)......................19, 20, 21

*Jacobs v. Jacobs*,
448 S.W.3d 626 (Tex. App.-Houston [14th Dist.] 2014, no petition)..............7

*Lewis v. Funderburk*,
253 S.W.3d 204 (Tex. 2008) ....................................................................24

*Zanchi v. Lane*,
408 S.W.3d 373 (Tex. 2013) ....................................................................22

**STATUTES**

V.T.C.A., Civil Practice & Remedies Code § 74.351(a)..................................................
...................................................................... 3, 5, 14, 18, 22, 23, 24, 25, 30

V.T.C.A., Civil Practice & Remedies Code § 74.351(b)........................................14

**RULES**

Rule 38.1(g), Texas Rules of Appellate Procedure ...........................................2, 16

Rule 38.3, Texas Rules of Appellate Procedure ......................................................1

Rule 55.2(g), Texas Rules of Appellate Procedure ................................................16

Rule 55.3(b), Texas Rules of Appellate Procedure ................................................16

Rule 4, Texas Rules of Civil Procedure................. 3, 6, 14, 15, 17, 18, 19, 20, 22, 25

Rule 5, Texas Rules of Civil Procedure................................................................23

Rule 21, Texas Rules of Civil Procedure.........................................................23, 28

Rule 21a, Texas Rules of Civil Procedure..............................................8, 25, 27. 30

Rule 21a(a)(1), Texas Rules of Civil Procedure................. 3, 5, 8, 10, 11, 26, 28, 29

Rule 21a(b), Texas Rules of Civil Procedure .........................................................3

Rule 21a(b)(1), Texas Rules of Civil Procedure....................................................26

Rule 21a(b)(2), Texas Rules of Civil Procedure....................................................23

Rule 21a(b)(3), Texas Rules of Civil Procedure....................................................26

Rule 21a(c), Texas Rules of Civil Procedure ........................................................23

Rule 21a(e), Texas Rules of Civil Procedure ...................................................23, 26

Rule 74, Texas Rules of Civil Procedure..............................................................23

IN THE COURT OF APPEALS
FOR THE FOURTEENTH JUDICIAL DISTRICT
HOUSTON, TEXAS

THE UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON,
APPELLANT,
V.

CAROLYN CALLAS, RAY CALLAS AND JAMIE CALLAS, INDIVIDUALLY
AND AS THE REPRESENTATIVES OF THE ESTATE OF GERALD CALLAS
AND FOR AND ON BEHALF OF ANY WRONGFUL DEATH
BENEFICIARIES,
APPELLEES.

On Appeal from the 212th Judicial District Court
Galveston County, Texas
No. 14-CV-0927

## APPELLANT'S REPLY BRIEF

TO THE HONORABLE COURT OF APPEALS:

COMES NOW the Appellant, The University of Texas Medical Branch at Galveston, by and through the undersigned Assistant Attorney General, and pursuant to Rule 38.3, Texas Rules of Appellate Procedure, files this the "Appellant's Reply Brief" to the "Appellees' Brief".

# I.

## OBJECTIONS TO STATEMENT OF FACTS

The Appellant objects to the Appellees' Statement of Facts, [Appellees' Brief, pages 2-6], to the extent they include factual and legal arguments contrary to Rule 38.1(g), TRAP. The Appellant disagrees with the Appellees' arguments: that their expert report was timely served; that the Appellant did not accept their email; that they constructively served their expert report; that the Appellant had knowledge that the second email contained medical records "which Appellees originally received from UTMB"; that the Appellant's motion to dismiss was based upon not "receiving its own medical records". The Appellant will further discuss these misstatements of fact and argument throughout this Reply Brief.

# II.

## THE APPROPRIATE STANDARD OF REVIEW FOR THIS APPEAL IS DE NOVO

The Appellees, at pages 6 – 9 of the Appellees' Brief, assert that the proper standard of review for this appeal is an abuse of discretion. However, the Appellees clearly acknowledge by the case law that they cite and quote that questions of law are reviewed de novo as argued by the Appellant in the Appellant's Brief at page 14. As stated by the Appellant in its Brief, the underlying facts in the trial court, and now on appeal, were not in dispute. The disputed issues presented to the trial court,

2

and now on Appeal, were questions of law as follows: 1) as the Texas Supreme Court has held that the 120-day deadline of V.T.C.A., Civil Practice & Remedies Code § 74.351(a) must be strictly applied, can Rule 4, TRCP, be applied to extend the 120-day deadline to 122 days; 2) as the Appellees electronically filed their expert report prior to attempting to serve the Appellant's counsel, was their attempted email service proper as Rule 21a(a)(1), TRCP, mandates electronic service; 3) as Rule 21a(b), TRCP, does not specify when service by email is complete, is email service after 5:00 p.m. deemed complete on the next business day? The underlying facts of this case, to which the above legal questions apply, are not in dispute: 1) the 120th calendar day after the Appellant filed its Original Answer was January 31, 2015; 2) the Appellees attempted to electronically file their expert report on January 31, 2015; and, thereafter, at 6:27 p.m., attempted to email the expert report to the Appellant's counsel by two emails; 3) the Appellant's counsel received the first email on February 1, 2015; however, the second email was never received; 4) the Appellees' expert report and curriculum vitae were noted as electronically filed on February 2, 2015; 5) the Appellees did not electronically serve their expert report and curriculum vitae; 6) after Appellant's counsel notified the Appellees' counsel that the second email had not been received, the Appellees attempted to complete service of their expert report by a series of emails sent on February 3 and 12, 2015. As set forth in

both the Appellant's Brief and the Appellees' Brief, the above facts are not in dispute.

On pages 8 – 9 of the Appellees' Brief, they assert that as the Appellant did not request findings of fact and conclusions of law, this Honorable Court should "imply any necessary findings of fact to support the ruling" of the trial court. However, the Appellees fail to articulate any factual findings that should be implied by this Court in this appeal. The Appellees, at page 9 of their Brief, suggest that the trial court may have determined that: "Appellant is actually asserting a sufficiency argument, and Appellees' expert report is sufficient." However, as will be discussed later in this Reply Brief, the Appellant did not raise a sufficiency argument in the trial court. Further, the Appellees suggest that the trial court may have found that the Appellees "constructively" served their expert report timely. However, as will be discussed later in this Reply Brief, the Appellees did not raise constructive service in the trial court and there is neither a legal nor factual basis to support a finding of constructive service in the record on appeal. Finally, each of the "multiple theories" upon which the Appellees posit the trial court could have ruled turns upon the proper resolution of the legal issues set forth above and in the Appellant's Brief.

As stated in the Appellant's Brief at page 14, de novo review is the proper standard of review as the underlying facts were not in dispute in the trial court and this case turns upon the question of whether the Appellees timely completed proper

service of their expert report and curriculum vitae according to the appropriate construction and interpretation of the statutes and rules at issue.

## III.

## SUFFICEINCEY OF THE EXPERT REPORT OR THAT IT CONSTITUTES "NO REPORT" ARE NOT ISSUES BEFORE THE COURT

The Appellees argue throughout their Brief that the issue before this Court on appeal is whether their expert report is sufficient or constitutes "no report". See [Appellees' Brief, pages 6, 9, 10, 12-13, and 25-33]. However, contrary to their assertions, no such issues are raised, argued, or even alluded to in the Appellant's Brief. The only issue raised in the Appellant's Brief is that the Appellees failed to timely complete service of their expert report within the mandatory 120-day deadline created by V.T.C.A., Civil Practice & Remedies Code § 74.351(a).

In the trial court, the Appellant's motion to dismiss was based upon the fact that the Appellees did not timely complete service of their expert report as their attempted email service was contrary to the mandatory electronic service requirements of Rule 21a(a)(1), TRCP; and, that the attempted email service, if completed, would have been deemed completed on February 1, 2015, which was beyond the 120-day deadline of January 31, 2015. Further, the Appellant asserted that the email service had not been complete as the Appellees' second email was never received by the Appellant's counsel. [C.R. 36-43].

5

In the Appellant's reply to the Appellees' response to the motion to dismiss in the trial court, the Appellant elaborated on the reasons that the Appellees' attempted service of their expert report had not been completed within the 120-day deadline and contested the Appellees' assertion that Rule 4, TRCP, extended the 120-days to Monday, February 2, 2015. The Appellant did not raise the issue that the Appellees' late served documents were insufficient as an expert report or constituted "no report". [C.R. 72-82].

In the Appellant's post hearing submission in the trial court, the Appellant advised the trial court that the only issue being raised was the Appellees' failure to timely complete service of their expert report. The Appellant specifically advised the trial court that it was not arguing the insufficiency of the expert report as asserted by the Appellees during the hearing on the motion to dismiss. [C.R. 110-117].

The Appellees, at page 12 of the Appellees' Brief, assert that: "Appellant is actually making a sufficiency argument, which was tacitly admitted at oral argument. [R.R. 9:4-12]." Thereafter, at page 25 of the Appellees' Brief, they quote, out of context, statements of Appellant's counsel to the trial court in order to assert the sufficiency of the expert report was being challenged during the hearing on the motion to dismiss. Appellant's counsel was not making a sufficiency argument. As the trial court brought to the Appellees' counsel's attention during the hearing: "I believe he is saying the report was incomplete, not that it was insufficient. And

according to your expert's report, he incorporates all the exhibits as part of his report, which tells me that is the full report." [R.R. 15]. The trial court's observation is supported by the Appellant's motion, reply, and post hearing submission filed in the trial court and the complete argument of Appellant's counsel located at [R.R. 5-9, 28-34 and 36].

As the Appellant has not raised the argument that the documents that the Appellees late served on the Appellant's counsel are not sufficient to be an expert report or constitute "no report," the Appellant has not raised or briefed these issues in this appeal and they need not be considered by this Honorable Court.

## IV.

## CONSTRUCTIVE SERVICE DOES NOT APPLY TO THIS CASE

For the first time on appeal, the Appellees assert that they achieved constructive service of their expert report upon the Appellant's counsel. See [Appellees' Brief, pages 4, 5-6, 9, 21]. Contrary to the Appellees' assertion, there are no facts in the record that would support a finding of constructive service.

As authority for their assertion of constructive service, the Appellees, at page 21 of their Brief, cite the Court to *Jacobs v. Jacobs*, 448 S.W.3d 626 (Tex. App.-Houston [14th Dist.] 2014, no petition), and its discussion of "constructive notice." The Appellees quote from *Jacobs v. Jacobs*, at 632, as follows:

Even when a party does not have actual notice, the serving party may establish "constructive notice" by demonstrating compliance with rule 21a and presenting evidence that the intended recipient engaged in instances of selective acceptance or refusal of certified mail relating to the case.

Initially, the Appellant would show the Court that constructive service does not apply in this case as the Appellees did not comply with Rule 21a, TRCP, in their attempted email service of the Appellant. As shown in the Appellant's Brief, pages 20-24, the Appellees electronically filed their expert report; therefore, electronic service was mandatory pursuant to Rule 21a(a)(1), TRCP, and the Appellees failed to comply with the rule. Further, there are no facts upon which to base an argument that the Appellant's counsel "engaged in instances of selective acceptance or refusal of" emails from the Appellees' counsel related to this case. The Appellees state at page 21 of their Brief:

...Appellant's counsel's selective decision whether to read emails is at best selective acceptance or refusal under *Jacobs* and does not convert service on Saturday, January 31, 2015 to service on Monday, February 1, 2015.

The Appellant is at a loss as to what the Appellees believe is the basis for such an assertion. With respect to email one, both the Appellant and the Appellees agree that it was read by the Appellant's counsel on Sunday, February 1, 2015. [Appellees' Brief, page 3]. The Appellant's assertion is that February 1, 2015, was outside the 120-day deadline. With respect to email two, both Appellant and Appellees agree that it was never delivered to Appellant's counsel's email inbox; therefore,

8

Appellant's counsel never had the opportunity to read the email. The Appellees' assertion that the Appellant's counsel made a "selective decision" not to read the email has no support in the record.

The Appellees, at page 4 of the Appellees' Brief, state:

> Appellees' counsel's paralegal, Darlene Lee, also transmitted and thereby "constructively" served the medical records to Appellant's counsel on Saturday, January 31, 2015, which was email "2 of 2". [2ND SUPP. C.R. 1561-1563; 2ND SUPP. C.R. 1545-1620, *generally*]. Those medical records were Appellant University of Texas Medical Branch's medical records, which Appellees actually originally received from the Appellant UTMB. The medical records were 1297 pages of Decedent Callas's UTMB medical records, but were not accepted by Appellant apparently due to the size of the file exceeding the limit of attachments. [2ND SUPP. C.R. 1561-1563, 1566-1574; 2ND SUPP. C.R. 1545-1620, *generally*].

There is no evidence in the record on appeal to support the Appellees' assertion that email number 2 was "not accepted by Appellant apparently due to the size of the file exceeding the limit of attachments." The second email was never received by Appellant's counsel and this fact was confirmed by the Appellees' counsel's office. See [Appellant's Brief, page 4]. The Appellant has no way of knowing if the second email was actually sent by the Appellees other than their own self-serving statement that "the 2nd email actually got kicked back..." [C.R. 55]. The Appellant's counsel never received email 2 and has no way of knowing if it was sent, why it was not delivered, or what were the actual contents of the second email. Further, the Appellees did not attempt to retransmit email 2, or the contents thereof, until

Appellant's counsel notified them that their referenced second email had not been received. The Appellees refer the Court to the affidavit of Darlene Lee, litigation paralegal to Appellees' counsel, wherein she states:

> The second email (2 of 2), that was 1297 pages of Decedent Callas' UTMB medical records, was returned unbeknownst to me, due to its size as the file exceeded the allowable limit of being attached and was undeliverable.

[2ND SUPP. C.R. 1562]. This statement does not support the Appellees' assertion that the Appellant's counsel refused to accept or read the email. Further, unlike email 1, the Appellees did not produce any email records to show that the second email was actually sent or any records that demonstrate why, if the second email was sent, it was not delivered to Appellant's counsel's email inbox. The evidence certainly does not support their assertion that Appellant's counsel engaged in "selective acceptance or refusal" of their email communications.

As the Appellees did not raise the issue of constructive service in the trial court; and, as the Appellees failed to comply with the mandatory electronic service requirement of Rule 21a(a)(1), TRCP, and have presented no evidence to support their assertion that Appellant's counsel engaged in "selective acceptance or refusal of" their emails related to this case, their assertion of constructive service has no merit.

10

# V.

## APPELLANT'S COMPLAINT IS NOT THAT THE APPELLEES FAILED TO SERVE MEDICAL RECORDS

The Appellees, as they did in the trial court, attempt to mischaracterize the issue in this appeal as being their failure to serve medical records upon the Appellant. See [Appellees' Brief, pages 4-6 and 25-33]. The Appellant's motion to dismiss in the trial court was not based upon the Appellees' failure to serve medical records; but, was based upon the fact that the mandatory 120-day deadline for the Appellees to serve their expert report ended on January 31, 2015; and, the Appellees' service of their expert report was not completed until February 12, 2015. As the Appellees electronically filed their expert report, Rule 21a(a)(1), TRCP, mandated that they electronically serve the Appellant with their expert report. Contrary to the mandatory electronic service rule, the Appellees attempted to improperly piecemeal serve their expert report by email. A portion of the expert report was received by the Appellant's counsel on February 1, 2015, with additional portions being served by email on February 3rd and February 12th, 2015. Thus, the Appellees failed to timely complete service of their expert report prior to the expiration of the 120-day deadline, January 31, 2015. [C.R. 36-43, 72-82, 110-117] [R.R. 5-9, 28-34, 36]. The Appellant has raised the same issue on appeal that was raised in the trial court.

As set forth in the Appellant's Brief, the Appellees electronically "filed" their expert report with the trial court; however, they failed to timely "serve" the

Appellant with a "true copy" of the "filed" report. [Appellant's Brief, pages 3-5]. Further, the Galveston County District Clerk sealed much of the Appellees' filed documents and they were not accessible by the Appellant until they were unsealed for this appeal. Thus, the Appellant was unable to verify that the documents it received by piecemeal email from the Appellees were in fact the same as the documents that were filed with the trial court. [Appellant's Brief, pages 4, 5].

The Appellees' expert stated: "I have read and reviewed the two volumes of medical records consisting of 1297 pages, (which are incorporated by reference as if fully set forth at length)..." [2ND SUPP. C.R. 1567]. The Appellees acknowledged that their expert intended the referenced records to be part of his expert report and that they were "filed" with the trial court as their expert report; however, they were not timely served on the Appellant. [R.R. 8-9 and 15-16]. Thus, the Appellant's complaint is not that the Appellees failed to serve medical records, the Appellant's complaint is that the Appellees failed to timely complete service of their expert report.

The Appellees state at page 25 of the Appellees' Brief: "Appellant argues that it wasn't served with the expert report until it also received its own medical records. [Appellant's Brief at p.p. 14-19]." As stated above, this is not the Appellant's argument and it was not an argument made in the Appellant's Brief. Further, the expert did not clearly identify the medical records to which he was referring. The

expert did not relate that he was only reviewing medical records that had been obtained from The University of Texas Medical Branch at Galveston and the record on appeal does not support the Appellees' repeated assertion that the Appellant had knowledge of the exact medical records that the expert included as his report, or had any knowledge of how, or from where, the expert obtained the medical records. The Appellees' attempt to falsely impute knowledge to the Appellant of the content and source of the medical records does not alter the fact that the Appellees failed to timely complete service of their expert report that they electronically filed with the trial court.

On page 26 of the Appellees' Brief, they state:

"Appellant's argument is disingenuous in that the body of Appellees' expert report includes inserted copies of the relevant medical records referenced and fully complies with CPRC 74.351(a)."

Contrary to Appellees' statement, the expert did not include the "copies of the relevant medical records referenced" in the body of the document. As stated above, the expert specifically included 1297 pages of medical records as part of his report that was filed with the trial court but that was not timely served. [2ND SUPP. C.R. 1567]. However, the body of the document to which the Appellees refer only sets out two physician orders [2ND SUPP. C.R. 1569] and one radiological study. [2ND SUPP. C.R. 1570]. The orders and study would constitute less than a single page of medical records. The limited medical record set out in the body of the document

does not alter the fact that the Appellees failed to timely complete service of their expert report.

## VI.

## THE TEXAS SUPREME COURT DID NOT APPLY RULE 4, TRCP, TO THE CALCULATION OF THE 120-day DEADLINE IN *Badiga v. Lopez*, 274 S.W.3d 681 (Tex. 2009)

On pages 11-12 and 16-19 of the Appellees' Brief, they incorrectly assert that the Texas Supreme Court, in *Badiga v. Lopez*, 274 S.W.3d 681 (Tex. 2009), applied Rule 4, TRCP, to extend the 120-day deadline of V.T.C.A., Civil Practice & Remedies Code § 74.351(a), as the 120th day fell on a Saturday. As will be shown below, the Texas Supreme Court did not consider whether Rule 4 applies to Section 74.351(a); and, the Texas Supreme Court did not apply Rule 4 to extend the Section 74.351(a), supra, 120-day deadline.

In *Badiga v. Lopez*, the Texas Supreme Court addressed the question of "whether an interlocutory appeal of the denial of a motion to dismiss under section 74.351(b) is permitted when an extension has been granted even though the claimant served no expert report within the 120-day period". Id., at 683. Rule 4, TRCP, was not applied, discussed, cited, or even mentioned in the opinion and played no part in the Court's determination of the case. Further, whether the plaintiff served an expert report within the 120-day deadline, or on what calendar day the 120th day fell, were not contested issues before the Texas Supreme Court or the Corpus Christi- Edinburg

Court of Appeals. On remand, the Court of Appeals noted in its opinion that: "Both parties agree that Lopez's expert report was served after the 120-day period had expired." *Badiga v. Lopez,* 2009 WL 4893565 (Tex. App.-Corpus Chrisiti-Edinburg 2009, no petition). Thus, neither the calculation of the 120-day deadline nor the specific calendar day upon which it fell were issues for determination by the appellate courts in this case; and, Rule 4, TRCP, was not applied, discussed, cited or even mentioned by any court in the resolution of this case. See also, *Badiga v. Lopez,* 2005 WL 1572273 (Tex. App.-Corpus Chrisiti-Edinburg 2005, rev'd, 274 S.W.3d 681 (Tex. 2009).

On page 17 of the Appellees' Brief, the Appellees quote the following language from *Badiga v. Lopez,* supra, at 682, and assert that it demonstrates that the Texas Supreme Court applied Rule 4, TRCP, in the calculation of the 120-day deadline:

> Maricruz Lopez filed a health care liability claim against S. Murthy Badiga, M.D. on October 24, 2003, alleging that Doctor Badiga committed medical malpractice by perforating Lopez's colon during a colonoscopy. Lopez was required to serve an expert report on Dr. Badiga by February 23, 2004 - the 120[th] day after she filed suit.

There is nothing in the above quoted language to suggest that the court undertook to calculate the 120-day deadline, or the specific calendar date upon which it fell, as it was uncontested that the plaintiff had served the expert report well after the 120-day period had expired. As the Appellees correctly point out, the above quoted language

appears in the opinion under the heading "Factual and Procedural Background".

Rule 38.1(g), TRAP, with respect to the "statement of facts" on appeal, states: "In a civil case, the court will accept as true the facts stated unless another party contradicts them." As set forth above, in the court of appeals, the parties agreed that the plaintiff did not serve an expert report prior to the expiration of the 120-day period; therefore, the court of appeals did not determine the specific calendar date upon which the 120th day fell.

Further, Rule 55.2(g), TRAP, states, with respect to the "statement of facts" in a petitioner's brief:

> (g) Statement of facts. The brief must affirm that the court of appeals correctly stated the nature of the case, except in any particulars pointed out. The brief must state concisely and without argument the facts and procedural background pertinent to the issues or points presented. The statement must be supported by record references.

Thereafter, Rule 55.3(b), TRAP, states with respect to the respondent's brief:

> (b) a statement of the case and a statement of the facts need not be made unless the respondent is dissatisfied with that portion of the petitioner's brief.

Thus, the petitioner's statement of facts are accepted by the Texas Supreme Court unless contested by the respondent.

The briefing in *Badiga v. Lopez,* supra, is still available on the Texas Supreme Court website. The Appellant has attached to this Reply Brief, as Appendix "A", the "Brief on the Merits of the Petitioner" taken from the Texas Supreme Court

website.  Further, the Appellant has attached to this Reply Brief, as Appendix "B", the Respondent's notice that it intended to rely on the Respondent's Response to the Petition for Review and the "Response to Petition for Review" taken from the Texas Supreme Court website.  The petitioner in *Badiga v. Lopez,* supra, stated in the Brief on the Merits, under the heading "Statement of Facts", the following:

> On October 24, 2003, Respondent filed her health care liability claim against Petitioner.  (1 CR 5).  Pursuant to Texas Civil Practice and Remedies Code section 74.351(a), Respondent's deadline to serve the required expert report was February 23, 2004.  See TEX. CIV. PRAC. & REM. CODE § 74.351(a).

[Appendix "A" – Petitioner's Brief, page 1].  As the Respondent did not challenge the Petitioner's "statement of facts", [Appendix "B" – Respondent's Response], pursuant to the above cited Texas Rules of Appellate Procedure, the Texas Supreme Court would have accepted the Petitioner's "statement of facts" as true.

Further, as set forth above, the Petitioner in *Badiga v. Lopez,* supra, did not demonstrate how he calculated the calendar date upon which the 120th day fell. Absent any elaboration on how the 120th day calendar date was calculated or any reference to Rule 4, TRCP, one can surmise that the *Badiga* petitioner made an error in calculating the specific calendar date upon which the 120th day fell, as did the Appellees in the trial court in the current case before this Honorable Court.  [2ND SUPP. C.R. 1546, 1551, 1552, 1553, 1556].  The Court should note that the Appellees miscalculated the actual 120th calendar date even having available the

ability to count the days on the calendar as well as the utilization of a circular calendar wheel. [2ND SUPP. C.R. 1551, 1561, 1564]. Further, even after the Appellant filed its motion to dismiss and stated the correct calculation of the 120th day falling on January 31, 2015, the Appellees continued to miscalculate the actual 120th day calendar date and stated under oath that it fell on February 1, 2015. [2ND SUPP. C.R. 1559 - Verification of Brian D. Sutton and 2ND SUPP. C.R. 1561-1563 - Affidavit of Darlene Lee]. Be that as it may, it is abundantly clear, by comparing the language that the Texas Supreme Court used in *Badiga v. Lopez,* supra, to the language that the *Badiga* petitioner used in the "statement of facts" with respect to the 120th calendar day, the Texas Supreme Court relied upon the *Badgia* petitioner's calculation of the calendar date.

The Appellees' assertion that the Texas Supreme Court has applied Rule 4, TRCP, to extend the 120-day deadline mandated by V.T.C.A., Civil Practice & Remedies Code § 74.351(a), is incorrect and it is not supported by their citation to *Badiga v. Lopez,* 274 S.W.3d 681 (Tex. 2009).

**VII.**

**THE COURTS OF APPEAL DECISIONS APPLYING RULE 4, TRCP, TO THE CALCULATION OF THE 120-day DEADLINE WERE WRONGLY DECIDED**

The Appellees, at pages 17-18 of the Appellees' Brief, assert that three courts of appeal have applied Rule 4, TRCP, to the Section 74.351(a), supra, 120-day

18

deadline and cite to *Carpinteyro v. Gomez*, 403 S.W.3d 508 (Tex. App.-San Antonio 2013, pet. denied), *Christus Spohn Health System Corp. v. Lopez,* 2014 WL 3542094 (Tex. App.-Corpus Christi 2014, no petition), and *Fung v. Fischer*, 365 S.W.3d 507 (Tex. App-Austin 2012, no petition).

The Appellant, in the Appellant's Brief, at pages 32-36, has presented its arguments as to why *Carpinteyro v. Gomez*, supra, and *Christus Spohn Health System Corp. v. Lopez*, supra, were wrongly decided. The Appellees do not respond to the Appellant's arguments other than referring to the flawed reasoning of those opinions.

As to *Fung v. Fischer*, supra, while the Austin Court of Appeals cited Rule 4, TRCP, at page 526 of the opinion, the issue before the court was not whether the case should be dismissed based upon one of the expert reports being "filed and served" after the 120-day deadline; but, was whether the trial court acted correctly in finding that the defendants' objections to the expert reports had not been timely filed. While the opinion is somewhat confusing, it is important to recognize that the trial court did not consider whether the two reports referenced on page 526 of the opinion had been timely "served" or whether the defendants had "filed" their objections within the 21 days following "service" of the reports. Instead, the trial court found that the defendants' failure to object to reports that had been served two

years earlier made their objections to the "supplemental" reports under consideration untimely. The court of appeals set out the issues at page 521, as follows:

> The ADC appellants' first issue, phrased somewhat differently than Minicucci's and Urukalo's issues, similarly contends that the original ADC defendant's objections to the 2009 expert reports were timely and that the original ADC defendant's lack of objection to the 2007 reports did not waive its right to seek dismissal as to the Fischers' health care liability claim asserting the original ADC defendant's direct liability, which was not mentioned by any expert report within the 120-day deadline. The ADC appellants argue that because the 2007 reports did not address the Fischers' direct liability claim against the original ADC defendant alleging a lack of adequate policies and procedures, the cause of action based on those facts in the Fischers' 2007 original petition was not supported by timely report and as such, the original ADC defendant had no duty to object. The Fishers contend that because the original ADC defendant did not object to the 2007 reports, it waived all of its objections, including its objections to the 2009 reports and its corresponding right to seek dismissal. Apparently persuaded by this argument, the probate court overruled ADC's collective objections to the 2009 reports, specifically "find[ing] that the objections were untimely under Texas Civil Practice & Remedies Code § 74.351(a)."

Thus, as the issue in the trial court and court of appeals was not whether the 2009 expert reports had been "served" within the 120-day deadline; and, as none of the parties contested whether the actual calendar date had been calculated correctly or made any argument with respect to whether Rule 4, TRCP, can be applied to extend the 120-day deadline, the court of appeals reference to Rule 4, TRCP, was not discussed and is dicta.

Further, as the question of whether Rule 4, TRCP, can extend the 120-day deadline to serve expert reports was not a contested issue in *Fung v. Fischer*, supra,

20

the court of appeals did not address the issues that are raised in the case before this Honorable Court or the issues addressed in *Carpinteyro v. Gomez*, supra, and *Christus Spohn Health System Corp. v. Lopez*, supra. Therefore, *Fung v. Fischer*, supra, is not authority supporting the Appellees' arguments in the case before the Court.

## VIII.

### *Eikenhorst v. Wellbrock*, 2008 WL 2339735 (Tex. App-Houston [1st Dist.] 2008, no petition) IS NOT APPLICABLE TO THE CASE BEFORE THE COURT

On pages 11-12 of the Appellees' Brief they state:

...TRCP 4 has also been applied generally to health-care liability claims by the First District Court of Appeals. See, *Eikenhorst v. Wellbrock*, No. 01-07-00459-CV, 2008 WL 2339735 (Tex.App-Houston [1st Dist.] June 5, 2008, no pet)(mem. Op) ("Because December 16, 2006 was a Saturday, the deadline to file was extended to December 18, the date Eikenhorst served his objectons") (applying TRCP 4 to the Defendant's 21-day deadline to object in CPRC 74.351(a))[Appendix K].

See also, Appellees' Brief page 18. Further, on page 19 of the Appellees' Brief they state:

Although Appellant urges that there is a conflict in applying TRCP 4 to the 120-day calculation, there is simply no conflict in applying TRCP 4. Indeed, <u>not applying TRCP 4 would be directly contrary to what is stated in the Texas Rules of Civil Procedure</u>. If TRCP 4 applies to the Defendant's 21-day deadline to object, as in *Eikenhorst*)[Appendix K], then it certainly applies to the Plaintiff's 120-day deadline to serve an expert report and CV.

21

As set forth in the Appellant's Brief at page 32, *Eikenhorst v. Wellbrock*, supra, is not applicable to the case before the Court as it did not address the question of whether the mandatory 120-day deadline for the "service" of the expert report and curriculum vitae can be extended by the application of Rule 4, TRCP; but, addressed only the application of Rule 4, TRCP, to the defendant's 21-day deadline to "file" and "serve" objections to the expert report and curriculum vitae under V.T.C.A., Civil Practice & Remedies Code § 74.351(a). As will be shown below, the method of, or the rationale for, the application and calculation of the two deadlines created by Section 74.351(a) are not the same.

Initially, as set out in the Appellant's Brief at pages 8-10 and 33, the Texas Supreme Court has determined that strict compliance with the 120-day deadline created by Section 74.351(a) is mandatory. See *Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013). The Texas Supreme Court has not held that the 21-day period to "file" and "serve" objections to the expert report and curriculum vitae must be strictly applied; therefore, *Eikenhorst v. Wellbrock*, supra, does not conflict with *Zanchi v. Lane,* supra. While the defendant has the option to object or not object without consequence, the plaintiff's failure to timely serve an expert report and curriculum vitae triggers automatic dismissal of the case with prejudice.

Further, the wording of Section 74.351(a) demonstrates that the two deadlines necessarily require different applications and calculations. As the Appellees point

out in their Brief, unlike the defendant's objections to the expert report and curriculum vitae, Section 74.351(a) only requires that the expert report and curriculum vitae be "served", not "filed". Therefore, unlike the defendant's objections, the plaintiff can meet its deadline for the "service" of its expert report and curriculum vitae without concern for, or consideration of, the rules related to the "filing" of documents with the trial court. See, for example, Rules 5, 21 and 74, TRCP. As the defendant must "file" its objections to the expert report and curriculum vitae, the timing and manner of the "service" of the objections is dictated by the timing and manner of the "filing" of the objections.

Further, under the current version of Section 74.351(a), applicable to the case before this Court, the beginning of the 120-day period to "serve" the plaintiff's expert report and curriculum vitae is triggered by the defendant's "filing" of its original answer. The beginning of the 120-day period is in contrast to the beginning of the defendant's 21-day period to "file" and "serve" objections which is triggered by the plaintiff's "service" of the expert report and curriculum vitae. Therefore, while the plaintiff's 120-days begins to run the day that the defendant "files" its original answer, regardless of the method of "service" of the original answer upon the plaintiff, the beginning of the defendant's 21-day period to object is dependent upon the method of "service" chosen by the plaintiff and potentially the date of the actual receipt. See Rule 21a(b)(2), Rule 21a(c) and 21a(e), TRCP. The decision to

23

begin the running of the 120-day period from the date of the actual "filing" of the original answer, without consideration of the method or date of the "service" of the original answer upon the plaintiff, demonstrates that the legislature intended for the 120-day period to be strictly applied and unaffected by the Texas Rules of Civil Procedure.

Further, while the defendant's opportunity to object to the expert report and curriculum vitae begins and ends within the 21-day period, Section 74.351(a), supra, was not drafted with the intent that the plaintiff would have only one opportunity to "serve" an expert report and curriculum vitae within its 120-day period. In fact, the statute was specifically written so as to allow the plaintiff to "serve" multiple reports and curriculum vitaes during the 120-day period. The diligent plaintiff, if he so desires, has the opportunity to "serve" an expert report and curriculum vitae during the 120-day period and, if objections are filed, have objections to the sufficiency of the expert report and curriculum vitae ruled upon by the trial court without the risk of having the case dismissed during the 120-day period. See, *Christus Santa Rosa Health Care Corporation v. Vasquez*, 427 S.W.3d 451 (Tex. App.-San Antonio 2014, no petition); *Eikenhorst v. Wellbrock*, supra, at *7; *Lewis v. Funderburk*, 253 S.W.3d 204, 207 (Tex. 2008). If the trial court sustains the objections to the sufficiency of the expert report, the plaintiff has the opportunity to "serve" additional reports and curriculum vitae up to and including the 120th day.

As the purpose of Section 74.351(a), supra, was to encourage that only meritorious health care liability lawsuits be filed, the statute necessarily includes the assumption that the validity of the cause of action will be evaluated by a medical expert prior to the filing of the lawsuit. Therefore, the 120-day period is more than sufficient for the medical expert to provide an expert report.

As *Eikenhorst v. Wellbrock*, supra, does not address the application of Rule 4, TRCP, to the 120-day deadline of Section 74.351(a), supra, it does not support the Appellees' arguments on appeal.

## IX.

## EMAIL SERVICE AFTER 5:00 P.M. IS DEEMED COMPLETE THE NEXT DAY

The Appellees, at pages 12, 13, and 19-24 of the Appellees' Brief, while acknowledging that Rule 21a, TRCP, is silent as to when service by email is "complete", argue that email service is complete when the server transmits the document to the intended recipient's email address. In support of their position, the Appellees cite, as their only authority, commentary contained within "O'Connor's Texas Rules of Civil Trials 2015". [Appellee's Brief, pages 12 and 24]. The lone statement that the Appellees rely upon as authority supporting their argument is: "Although not specified under TRCP 21a, service by email is presumably complete on transmission of the document to the receiving party." Far from being authority supporting the Appellees' position, O'Connor's commentary recognizes that there

is no existing authority to support this statement and it is making a "presumption", or better stated an "assumption", as the rule is silent as to when email service is complete. Absent from O'Connor's statement is any discussion of how other statutes, rules of procedure, or local rules of court determine when email service is complete.

Further, the O'Connor's "presumption" is incorrect as email service by a party directly to the intended recipient's email address is not comparable to electronic service pursuant to Rule 21a(a)(1), TRCP. For electronic service to apply, as required, the intended recipient's email address must be on file with the "electronic filing manager". Under Rule 21a(b)(3), TRCP, the serving party completes electronic service by transmitting the document to the serving party's "electronic service provider". Thereafter, the "electronic filing manager" sends confirmation of service. Under this electronic service procedure, the serving party is relying upon the established rule that service is complete upon transmission to its "electronic service provider", not directly to the recipient to be served, and is comparable to service being complete when a document is deposited in the mail, Rule 21a(b)(1), as opposed to being delivered directly by the serving party to the intended recipient. However, no matter which form of service is used, the document must be delivered to the intended recipient. Rule 21a(e), TRCP.

The Appellees, at pages 22-24 of the Appellees' Brief, argue that Local Rule 12.5.2, "Amended Local Rules of the District Courts for Galveston County, Texas", which establishes that email service after 5:00 p.m. should be deemed completed "the next day that is not a Saturday, Sunday or legal holiday", does not apply as it was established prior to the electronic filing and service rules contained in the Texas Rules of Civil Procedure. However, the Appellees have not established that the local rules have been rescinded by the District Courts of Galveston County and have not shown that Local Rule 12.5.2 has been preempted by the Texas Rules of Civil Procedure. While the Appellees direct the Court to several local rules that arguably conflict with the current Texas Rules of Civil Procedure, the Appellees have not directed the Court to a current rule of the Texas Rules of Civil Procedure with which Local Rule 12.5.2 conflicts. As all parties agree, Rule 21a, TRCP, does not mandate any procedures with respect to email service and does not establish when email service is complete; therefore, as argued in Appellant's Brief, pages 24-31, the appropriately adopted and approved "Amended Local Rules of the District Courts for Galveston County, Texas", with respect to the completion of email service, do not conflict with the Texas Rules of Civil Procedure and apply to the case before this Court.

Therefore, pursuant to Local Rule 12.5.2(c), if the Appellees had completed email service after 5:00 p.m. on January 31, 2015, which they did not, their expert

report and curriculum vitae would have been deemed served on Monday, February 2, 2015.

## X.

## ELECTRONIC SERVICE WAS REQUIRED PURSUANT TO RULE 21a(a)(1), TRCP

The Appellees, at pages 13 and 34-35 of the Appellees' Brief, contend that while they electronically filed their expert report and curriculum vitae pursuant to Rule 21(f), TRCP, they were not required to comply with the mandatory electronic service requirement of Rule 21a(a)(1), TRCP.

The Appellees, at page 34 of the Appellees' Brief, contend that the "Appellant cites no authority for this proposition" that once the Appellees chose to electronically file their expert report and curriculum vitae, electronic service was mandatory. Contrary to their assertion, the Appellant, at pages 20-24 of the Appellant's Brief, specifically cites to the Rule 21(f), TRCP, mandatory requirement that "attorneys must electronically file documents in courts where electronic filing has been mandated". The Appellees have not presented alternative authority or procedure for their electronic filing of their expert report other than what is found in Rule 21(f). Further, the Appellant specifically cited as authority Rule 21a(a)(1), TRCP, and its mandatory language that "a document filed electronically under Rule 21 must be served electronically through the electronic filing manager." This language is clear

and does not require interpretation. Further, the Appellees have repeatedly asserted that they attempted to "serve" their expert report and curriculum vitae by email pursuant to Rule 21a(a)(2), TRCP; [Appellees' Brief, pages 2-3], however, this rule is explicit that only "a document not filed electronically may be served...by email...". Thus the authority is abundantly clear that only electronic service was permissible once the Appellees electronically filed their expert report and curriculum vitae. Further, considering the inherent risk that service by email may not be timely completed or may not be completed at all, the wisdom of mandatory electronic service under Rule 21a(a)(1), TRCP, is obvious.

The Appellees state at page 34 of the Appellees' Brief: "Indeed, if an attorney attempts service in two or more different manners, only one form of successful service is required". The Appellees' statement is not applicable to the case before the Court as they attempted only one form of service, by email, and it was not successfully completed service within the mandatory 120-day deadline.

The Appellees state at page 35 of the Appellees' Brief: "Instead, as shown above, service via email is expressly permitted, and by Appellant's counsel's own admission, service was complete on February 1, 2015 when he 'actually' received and read the email containing the expert report and CV". Once again the Appellees attempt to mischaracterize the Appellant's position and the issue on appeal. The Appellant asserted in the trial court and asserts on appeal that email service was not

completed on February 1, 2015, as the portion of the expert report contained in the second email was not delivered to Appellant's counsel. Further, even if both emails had been received on February 1, 2015, the service of the expert report and curriculum vitae would still have been outside the 120-day deadline.

On page 35 of the Appellees' Brief, the Appellees state:

> The rules governing discovery provide an analogous example. Under the rules governing discovery, discovery requests and responses are to be served, but not filed, just as expert reports and CVs under CPRC 74.351. Under Appellant's theory, a party "e-filing" a discovery response (though not required) and also "serving" the discovery response via email would be deemed to not have "served" the discovery response, despite proper "service" by email. Appellees' counsel is aware of no authority which would create such a scenario.

The Appellees' argument is incorrect. Unlike the expert report provision of Section 74.351(a), supra, Rule 191.4(a), TRCP, prohibits the filing of discovery materials except for certain specifically articulated situations set out under Rule 191.4(b) and (c), TRCP. When discovery materials are "filed" pursuant to Rule 191.4(b) and (c), the "service" rules of Rule 21a, TRCP, apply. While the "filing" of the expert report and curriculum vitae under Section 74.351(a) is not required, it is not prohibited. Just as with the "filing" of discovery materials, once a claimant "files" an expert report and curriculum vitae, "service" under, and in accordance with, Rule 21a, TRCP, is required.

As argued in the trial court and in the Appellant's Brief on appeal, electronic service of the expert report and curriculum vitae were mandatory under the facts of

this case; therefore, the Appellees failed to timely complete service within the 120-day deadline.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Appellant, The University of Texas Medical Branch at Galveston, prays that this Honorable Court reverse the order of the trial court denying "Defendant, The University of Texas Medical Branch at Galveston's Motion to Dismiss with Prejudice for Failure to Timely Serve an Expert Report Pursuant to Section 74.351 of the Civil Practice and Remedies Code"; and, render judgment dismissing this cause of action in its entirety and with prejudice to its refiling. Further, the Appellant prays that all costs, in the trial court and Court of Appeals, be taxed against the Appellees. The Appellant further prays for all other relief, legal and equitable, to which it may be entitled.

RESPECTFULLY SUBMITTED,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

KARA L. KENNEDY
Chief, Tort Litigation Division

*/s/ S. Ronald Keister*

_____
S. RONALD KEISTER
State Bar No. 11185300
Assistant Attorney General
Attorney-In-Charge
Tort Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
Ronny.Keister@texasattorneygeneral.gov
(512) 463-2197
FAX (512) 457-4435

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. 9.4(i)(3), this is to certify that this brief complies with the type-volume limitations of TEX. R. APP. 9.4(i)(2)(B)(must not exceed 7,500 words). This brief contains 7,441 words in a proportionally spaced typeface, exclusive of the exempted portions set forth in TEX. R. APP. 9.4(i)(1).  This brief has been prepared using Times New Roman 14 point in text and Times New Roman 12 point in footnotes produced by Microsoft Word 2013 software.

*/s/ S. Ronald Keister*

_____
S. RONALD KEISTER
Assistant Attorney General

**CERTIFICATE OF ELECTRONIC SERVICE**

I certify that on October 26, 2015, at approximately 11:40 a.m., I served a copy of Appellant's Reply Brief on the party listed below by electronic service concurrently with the electronic filing of the document. The electronic transmission was reported as complete.

My e- mail address is Ronny.Keister@texasattorneygeneral.gov.

Brian D. Sutton                                              *Via e-service*
Sutton & Jacobs, LLP
Attorneys and Counselors at Law
850 Park Street
Beaumont, Texas 77701
(409) 833-1100
(409) 833-0711, fax
brians@sutton-jacobs.com
ATTORNEY FOR PLAINTIFF

*/s/ S. Ronald Keister*

_____
S. RONALD KEISTER
Assistant Attorney General

**No. 14-15-00449-CV**

IN THE COURT OF APPEALS
FOR THE FOURTEENTH JUDICIAL DISTRICT
HOUSTON, TEXAS

THE UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON,
APPELLANT,

V.

CAROLYN CALLAS, RAY CALLAS AND JAMIE CALLAS, INDIVIDUALLY
AND AS THE REPRESENTATIVES OF THE ESTATE OF GERALD CALLAS
AND FOR AND ON BEHALF OF ANY WRONGFUL DEATH
BENEFICIARIES,

APPELLEES.

On Appeal from the 212th Judicial District Court
Galveston County, Texas
No. 14-CV-0927

**APPENDIX**

A)     Badiga v. Lopez, BRIEF ON THE MERITS OF THE PETITONER

B)     Badiga v. Lopez, RESPONDENT'S NOTICE OF INTENT TO RELY ON
       RESPONDENT'S RESPONSE TO PETITION FOR REVIEW AND THE
       RESPONDENT'S RESPONSE TO PETITION FOR REVIEW

# APPENDIX A

*Badiga v. Lopez,* BRIEF ON THE MERITS OF THE PETITONER

# NO. 05-0801

## IN THE
## SUPREME COURT OF TEXAS

### S. MURTHY BADIGA, M.D.,
Petitioner,

v.

### MARICRUZ LOPEZ,
Respondent.

On Petition for Review from the
Thirteenth District Court of Appeals at Corpus Christi, Texas
No. 13-04-00452-CV

## BRIEF ON THE MERITS OF PETITIONER

Respectfully submitted,

**R. BRENT COOPER**
Texas Bar No. 04783250
**DIANA L. FAUST**
Texas Bar No. 00793717
**WILLIAM J. AKINS**
Texas Bar No. 24011972

**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)

**COUNSEL FOR PETITIONER**

## IDENTITY OF PARTIES AND COUNSEL

Maricruz Lopez                                Plaintiff/Appellee/Respondent

S. Murthy Badiga, M.D.               Defendant/Appellant/Petitioner

### Trial and Appellate Counsel for Petitioner

Mr. R. Brent Cooper                 Appellate Counsel for Petitioner
Ms. Diana L. Faust                     in Supreme Court of Texas
Mr. William J. Akins
Cooper & Scully, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202

Mr. Steven M. Gonzalez                  Counsel for Petitioner in
Mr. Edward J. Castillo           Trial Court and Court of Appeals
Gonzalez, Gaytan, Garza
& Castillo, L.L.P.
1317 E. Quebec Avenue
McAllen, Texas 78503

### Trial and Appellate Counsel for Respondent

Mr. E. A. Villarreal, Jr.        Trial and Appellate Counsel for Respondent
Law Office of E.A. Villarreal, Jr.
1320 South 10th Street
Edinburg, Texas 78539

-i-

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL ................................. -i-

TABLE OF CONTENTS ............................................. -ii-

TABLE OF AUTHORITIES .......................................... -vi-

STATEMENT OF THE CASE ........................................ -xi-

STATEMENT OF THE JURISDICTION ............................... -xii-

ISSUES PRESENTED

    1.    Whether the trial court's refusal to dismiss the case under Chapter 74 of the Texas Civil Practice and Remedies Code, where no expert report was served within 120 days following the filing of suit, is subject to an interlocutory appeal under section 51.014(a)(9) of the Texas Civil Practice and Remedies Code ............................... -xiii-

    2.    Whether the Court of Appeals' interpretation of section 51.014(a)(9) of the Texas Civil Practice and Remedies Code (to preclude an interlocutory appeal when case involves both the subject matter of an appealable and a non-appealable interlocutory order) conflicts with other courts of appeals' interpretations of jurisdiction (in cases presenting the subject matter of both appealable and non-appealable interlocutory order or orders), including *Letson v. Barnes*, 979 S.W.2d 414 (Tex. App.–Amarillo 1998, pet. denied); *America Online, Inc. v. Williams*, 958 S.W.2d 268 (Tex. App.–Hous. [14 Dist.] 1997, no writ); *American Express Travel Related Servs. Co. v. Walton*, 883 S.W.2d 703 (Tex. App.–Dallas 1994, orig. proceeding); and *Texas R.R. Comm'n v. Air Prods. & Chems., Inc.*, 594 S.W.2d 219 (Tex. Civ. App.–Austin 1980, writ ref'd n.r.e.). ........................ -xiii-

STATEMENT OF THE FACTS ....................................... -1-

    A.    October 24, 2003: Respondent Filed her Original Petition ........... -1-

B. February 27, 2004: Petitioner Filed his Motion to Dismiss Because Respondent Failed to Serve Required Expert Report by Statutory Deadline . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

C. March 31, 2004: Respondent Filed Motion for Extension of Time . . . . -1-

D. The Trial Court Granted Respondent's Motions and Extended Time for Serving Expert Report . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

E. Petitioner Re-Urged Dismissal Pursuant to Section 74.351(b) of the Texas Civil Practice and Remedies Code . . . . . . . . . . . . . . . . . . . . . . -3-

F. The Court of Appeals Refused to Consider Petitioner's Appeal . . . . . . . -3-

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

A. Texas Civil Practice and Remedies Code Chapter 74 Mandates that a Health Care Liability Claimant Must Serve an Expert Report Within 120 days After the Claim is Filed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

B. Respondent Failed to Serve an Expert Report as Mandated by Section 74.351 Within 120 Days After the Date of Filing the Health Care Liability Claim; Thus, the Trial Court Was Required to Dismiss the Suit with Prejudice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

1. Respondent Failed to Timely Serve Any Expert Report . . . . . . . -9-

2. The Trial Court Abused its Discretion in Denying Petitioner's Motion to Dismiss When No Expert Report Had Been Served on Petitioner . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

C. Proper Statutory Construction of Section 51.014(a)(9) Permits Appeal of the Denial of a Motion to Dismiss a Health Care Liability Claim for Failure to Serve an Expert Report . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

1. Standard for Statutory Construction . . . . . . . . . . . . . . . . . . . . . -12-

2.     Section 51.014(a)(9) Specifically Authorizes Jurisdiction over
       the Interlocutory Appeal of the Trial Court's Failure to Dismiss
       the Chapter 74 Health Care Liability Claim Where no Expert
       Report is Served by 120th Day After Suit is Filed  . . . . . . . . . . .  -13-

       a.     The Interlocutory Appeal Statute is to be Strictly
              Construed, and Strict Construction Favors Interlocutory
              Appeal  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -14-

       b.     The Interrelatedness of an Extension of Time Under
              Section 74.351 and the Denial of a Motion to Dismiss
              Under Section 74.351 Does Not Defeat Jurisdiction over
              the Interlocutory Appeal, and the Court of Appeals'
              Holding Conflicts with Other Courts of Appeals'
              Exercise of Jurisdiction Where One Issue is Properly the
              Subject of Interlocutory Appeal and One is Not  . . . . . . .  -15-

       c.     Additionally, Other Courts Have Recognized a Right to
              an Interlocutory Appeal Under Section 51.014(a)(9) from
              the Denial of a Motion to Dismiss . . . . . . . . . . . . . . . . . .  -17-

3.     The Basis for Petitioner's Appeal fit Precisely Within the Court
       of Appeals' Jurisdiction over the Interlocutory Appeal . . . . . . .  -19-

4.     The Legislative History Underlying House Bill 4 Supports the
       Court of Appeals' Jurisdiction Over an Interlocutory Appeal . .  -20-

5.     The Court of Appeals' Ruling Precludes an Appeal of a Trial
       Court's Denial of a Motion to Dismiss for No Expert Report
       Where the Trial Court Also Grants an Extension . . . . . . . . . . . .  -21-

       a.     The Court of Appeals Improperly Construed Petitioner's
              Appeal, Disregarding Petitioner's Single Issue, the
              Arguments of Petitioner and Respondent, Sections
              74.351(a) and (b), and Petitioner's Right to Appeal
              Under Section 51.014(a)(9)  . . . . . . . . . . . . . . . . . . . . . .  -21-

       b.     The Issue is Likely to Recur  . . . . . . . . . . . . . . . . . . . . .  -23-

D.     This Court has Jurisdiction Over this Interlocutory Appeal . . . .  -28-

1.  The Court has Jurisdiction to Determine if the Court of Appeals Properly Declined to Exercise its Jurisdiction ............... -28-

2.  This Court has Also Jurisdiction Over This Interlocutory Appeal Because of A Conflict in the Courts of Appeals ............ -30-

    a.  This Court has Recognized Jurisdiction Where Courts of Appeals' Decisions Conflict ...................... -30-

    b.  Courts of Appeals' Decisions Conflict on Jurisdiction Over Case When Appeal Involves Appealable and Non-Appealable Issues in the Context of an Interlocutory Appeal ...................................... -31-

CERTIFICATE OF SERVICE ........................................ -34-

APPENDIX TO BRIEF ON THE MERITS OF PETITIONER ................. -35-

# TABLE OF AUTHORITIES

**Case**                                                                            **Page(s)**

*Acad. of Oriental Med., L.L.C. v. Andra,*
173 S.W.3d 184 (Tex. App.-Austin 2005, no pet.) . . . . . . 11, 12, 14, 18, 24, 25, 31

*America Online, Inc. v. Williams,*
1958 S.W.2d 268 (Tex. App.-Houston [14 Dist.] 1997, no writ)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii, ix, x, 16, 17, 27, 31

*American Express Travel Related Servs. Co. v. Walton,*
883 S.W.2d 703 (Tex. App.-Dallas 1994, orig. proceeding) . . . . . . . . . xii, xiii, 16

*Awde v. Dabeit,*
938 S.W.2d 31 (Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii, 29

*Badiga v. Lopez,*
No. 13-04-00452-CV, 2005 WL 1572273
(Tex. App.-Corpus Christi 2005, pet. filed) . . . . . . . . . . . . . . . . . 3, 15, 17, 31, 35

*Bally Total Fitness Corp. v. Jackson,*
53 S.W.3d 352 (Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

*Bexar Metro. Water Dist. v. City of Bulverde,*
156 S.W.3d 79 (Tex. App.-Austin 2005, pet. denied) . . . . . . . . . . . . . . . . . . . . 14

*Christus Health Southeast Texas v. Griffin,*
175 S.W.3d 548 (Tex. App.-Beaumont Oct. 20, 2005, no. pet. h.) . . . . . . . . . . . 17

*City of San Antonio v. City of Boerne,*
111 S.W.3d 22 (Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*De Los Santos v. Occidental Chem. Corp.,*
933 S.W.2d 493 (Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii, 29

*Del Valle Indep. Sch. Dist. v. Lopez,*
845 S.W.2d 808 (Tex. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii, 28, 29

*Downer v. Aquamarine Operators, Inc.,*
701 S.W.2d 238 (Tex. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Fitzgerald v. Advanced Spine Fixation Systems, Inc.,*
    996 S.W.2d 864 (Tex. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . : . 12

*Fort Worth Southwest Nursing Ctr., L.L.C. v. Bly,*
    2004 WL 314907 (Tex. App.-Fort Worth Feb. 19, 2004, no pet.) . . . . . . 18, 19, 28

*Gross v. Innes,*
    988 S.W.2d 727 (Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30, 31

*Group III, D.C. v. Vincento,*
    164 S.W.3d 724 (Tex. App-Houston [14th Dist.] 2005, pet. filed) . . . . . . . . . . . 32

*Heart Hosp. of Austin v. Matthews,*
    __ S.W.3d ___, 2006 WL 1194881
    (Tex. App. -Austin, May 5, 2006, no pet. h.) . . . . . . . . . . . . . . . . . . . 13, 23, 24, 31

*Kendrick v. Garcia,*
    171 S.W.3d 698 (Tex. App.-Eastland, Aug. 18, 2005, pet. filed) . . . . . . . . . . 9, 32

*Letson v. Barnes,*
    979 S.W.2d 414 (Tex. App.-Amarillo 1998, pet. denied) xii, xiii, 15, 16, 17, 27, 31

*Lewis v. Funderburk,*
    No. 10-05-00197-CV, 2006 WL 870943
    (Tex. App.-Waco April 5, 2006, no pet. h.) . . . . . . . . . . . . . . . . . . . . . . . 26, 27, 31

*Liberty Mut. Ins. Co. v. Garrison Contractors,*
    966 S.W.2d 42 (Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Long v. Humble Oil & Refining Co.,*
    380 S.W.2d 554 (Tex. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii, 28

*McCauley v. Consolidated Underwriters,*
    304 S.W.2d 265 (Tex. 1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Methodist Health Care System of San Antonio, Ltd. v. Rangel,*
    No. 04-05-00500-CV, 2005 WL 3445994
    (Tex. App.-San Antonio Dec 14, 2005, pet. filed) . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mokkala v. Mead,*
    178 S.W.3d 66 (Tex. App.-Houston [14th Dist.] 2005, pet. filed)
    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 19, 20, 27, 32

*Murphy v. Russell*,
  167 S.W.3d 835 (Tex. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Reardon v. LightPath Technologies, Inc.*,
  183 S.W.3d 429 (Tex. App.-Hous. [14 Dist.] 2005, pet. denied) . . . . . . . . . . . . 23

*Sterner v. Marathon Oil Co.*,
  767 S.W.2d 686 (Tex. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Texas R.R. Comm'n v. Air Prods. & Chems., Inc.*,
  594 S.W.2d 219 (Tex. Civ. App.-Austin 1980, writ ref'd n.r.e.)
  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii, xiii, 16, 17, 27, 31

*Thomas v. Long*,
  No. 03-0204, 2006 WL 1043429,
  49 Tex. Sup. Ct. J. 532 (Tex. April 21, 2006) . . . . . . . . . . . . . . . . . . . . . . . . 30

*Thoyakulathu v. Brennan*,
  No. 06-05-00070-CV, 2006 WL 1096191
  (Tex. App.-Texarkana April 27, 2006, no pet. h.) . . . . . . . . . . . . 11, 14, 17, 27, 31

*University of Texas Medical Branch at Galveston v. Barrett*,
  159 S.W.3d 631 (Tex. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii, 28

*University of Texas Southwestern Medical Center of Dallas v. Margulis*,
  11 S.W.3d 186 (Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii, 29

*Van I.S.D. v. McCarty*,
  165 S.W.3d 351 (Tex. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Walker v. Packer*,
  827 S.W.2d 833 (Tex. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Women's Hosp. of Texas, Inc.*,
  141 S.W.3d 144 (Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## <u>Statutes, Rules & Constitutions</u>                                  <u>Page(s)</u>

Act of May 5, 1995, 74th Leg., R.S., ch. 140, 1, 1995 Tex. Gen. Laws 985 . . . . . . . . . 14

Act of June 2, 2003, 78th Leg. R.S., ch. 204, § 10.11, 2003 Tex. Gen. Laws 847 . . . 9, 20

Act of Sept. 1, 2003, 78th Leg., R.S. ch. 204, § 1.03, 2003 Tex. Gen. Laws 847 . . . . . . 20

Debate on Tex. H.B. 4 on the Floor of the House,
  78th Leg., R.S. 317 (Mar. 19, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) . . . . . . . . . . . . . . . . . . . . . . . . . 17, 27
  § 74.351(a) . . . . . . . . 1, 6, 10, 13, 19, 21, 22, 28, 31

TEX. GOV'T CODE §§ 22.225(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

## Miscellaneous                                                          Page(s)

Michael S. Hull, et al., *House Bill 4 and Proposition 12: An Analysis with
  Legislative History, Part Three*, 36 TEX. TECH L.R. 169, 212 (2005) . . . 20, 21, 28

# NO. 05-0801

## IN THE
## SUPREME COURT OF TEXAS

**S. MURTHY BADIGA, M.D.,**
Petitioner,

v.

**MARICRUZ LOPEZ,**
Respondent.

**On Petition for Review from the
Thirteenth District Court of Appeals at Corpus Christi, Texas
No. 13-04-00452-CV**

## BRIEF ON THE MERITS OF PETITIONER

**TO THE HONORABLE JUSTICES OF THE SUPREME COURT OF TEXAS:**

Petitioner Dr. S. Murthy Badiga, M.D., ("Petitioner" or "Dr. Badiga"), submits this

Brief on the Merits, pursuant to the Court's letter request and in compliance with Rule 55 of

the Texas Rules of Appellate Procedure, seeking reversal of the Court of Appeals' judgment

and reversal of the trial court's order.

## STATEMENT OF THE CASE

**Nature of the Case:**

On October 24, 2003, Respondent Maricruz Lopez ("Lopez" or "Respondent") brought this health care liability claim, pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code, alleging that Petitioner S. Murthy Badiga, M.D. was negligent in his medical care and treatment of Lopez, proximately causing a perforation of her colon during an esopyagogastroduodenoscopy and colonoscopy. (1 CR 1-10). Respondent was required to serve an expert report within 120 days after filing suit in accordance with section 74.351(a) of the Texas Civil Practice and Remedies Code. Upon expiration of the deadline, Petitioner filed a motion to dismiss based on Respondent's failure to serve an expert report. (1 CR 16-31). Respondent then filed a Motion to Extend Expert Report Submission on April 1, 2004 (1 CR 32-34), which the trial court granted on May 18, 2004. (1 CR 149). The trial court never ruled on this motion to dismiss. Petitioner then filed a another motion to dismiss rearguing dismissal based on Respondent's failure to serve an expert report within the statutorily mandated 120-day deadline. (1 CR 153-184). On August 10, 2004, the trial court denied Petitioner's motion to dismiss. (1 CR 196). Petitioner timely filed his Notice of Appeal on August 30, 2004. (1 CR 197-198).

**Trial Court:**

The Honorable Rodolfo Delgado, 193rd District Court, Hidalgo County, Texas.

**Trial Court Disposition:**

The trial court denied Petitioner's Motion to Dismiss.

**Parties in the Court of Appeals:**

S. Murthy Badiga, M.D. - **Appellant**; Maricruz Lopez - **Appellee**.

| | |
|---|---|
| **Court of Appeals:** | Thirteenth District Court of Appeals at Corpus Christi, Texas. |
| **Court of Appeals Disposition:** | Unpublished memorandum opinion, by Chief Justice Rogelio Valdez, with Justice Federico Hinojosa and Justice Nelda Rodriguez concurring, dismissal of appeal due to lack of jurisdiction. *Badiga v. Lopez*, No. 13-04-00452-CV, 2005 WL 1572273 (Tex. App.–Corpus Christi 2005, pet. filed). |

## STATEMENT OF THE JURISDICTION

This Court has jurisdiction over this appeal under Texas Government Code section 22.001(a)(2) because the Court of Appeals' decision in this matter conflicts with other courts of appeals' decisions in *Letson v. Barnes*, 979 S.W.2d 414 (Tex. App.–Amarillo 1998, pet. denied); *America Online, Inc. v. Williams*, 958 S.W.2d 268 (Tex. App.–Hous. [14 Dist.] 1997, no writ); *American Express Travel Related Servs. Co. v. Walton*, 883 S.W.2d 703 (Tex. App.–Dallas 1994, orig. proceeding); and *Texas R.R. Comm'n v. Air Prods. & Chems., Inc.*, 594 S.W.2d 219 (Tex. Civ. App.–Austin 1980, writ ref'd n.r.e.), on a question of law material to a decision of the case.

This Court has jurisdiction to determine whether or not the Court of Appeals erred in deciding that it lacked jurisdiction over Petitioner's interlocutory appeal. *See University of Texas Medical Branch at Galveston v. Barrett*, 159 S.W.3d 631, 633 n.8 (Tex. 2005); *see also University of Texas Southwestern Medical Center of Dallas v. Margulis*, 11 S.W.3d 186, 187 (Tex. 2000); *Awde v. Dabeit*, 938 S.W.2d 31, 32 (Tex. 1997); *De Los Santos v. Occidental Chem. Corp.*, 933 S.W.2d 493, 494 (Tex. 1996); *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992); *Long v. Humble Oil & Refining Co.*, 380 S.W.2d

-xii-

554, 555 (Tex. 1964).

This Court also has jurisdiction over this matter under Texas Government Code section 22.001(a)(3) because this is a matter of first impression in statutory construction and the Court of Appeals erred in interpreting sections 74.351(a) and (b) and section 51.014(a)(9) of the Texas Civil Practice and Remedies Code in determining that it lacked jurisdiction over Petitioner's interlocutory appeal.

This Court also has jurisdiction under Texas Government Code section 22.001(a)(6) because it appears that an error of law has been committed by the Court of Appeals, and that error is of such importance to the jurisprudence of the State that it requires correction.

## ISSUES PRESENTED

1.  Whether the trial court's refusal to dismiss the case under Chapter 74 of the Texas Civil Practice and Remedies Code, where no expert report was served within 120 days following the filing of suit, is subject to an interlocutory appeal under section 51.014(a)(9) of the Texas Civil Practice and Remedies Code.

2.  Whether the Court of Appeals' interpretation of section 51.014(a)(9) of the Texas Civil Practice and Remedies Code (to preclude an interlocutory appeal when case involves both the subject matter of an appealable and a non-appealable interlocutory order) conflicts with other courts of appeals' interpretations of jurisdiction (in cases presenting the subject matter of both appealable and non-appealable interlocutory order or orders), including *Letson v. Barnes*, 979 S.W.2d 414 (Tex. App.–Amarillo 1998, pet. denied); *America Online, Inc. v. Williams*, 958 S.W.2d 268 (Tex. App.–Hous. [14 Dist.] 1997, no writ); *American Express Travel Related Servs. Co. v. Walton*, 883 S.W.2d 703 (Tex. App.–Dallas 1994, orig. proceeding); and *Texas R.R. Comm'n v. Air Prods. & Chems., Inc.*, 594 S.W.2d 219 (Tex. Civ. App.–Austin 1980, writ ref'd n.r.e.).

## STATEMENT OF THE FACTS

### A.    October 24, 2003: Respondent Filed her Original Petition

On October 24, 2003, Respondent filed her health care liability claim against Petitioner. (1 CR 5). Pursuant to Texas Civil Practice and Remedies Code section 74.351(a), Respondent's deadline to serve the required expert report was February 23, 2004. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a).

### B.    February 27, 2004: Petitioner Filed his Motion to Dismiss Because Respondent Failed to Serve Required Expert Report by Statutory Deadline

Respondent failed to serve *any* expert report on Petitioner by February 23, 2004. On February 27, 2004, Petitioner filed his motion to dismiss on the grounds that Respondent had failed to comply with section 74.351(a) by not serving an expert report by the 120th day after the lawsuit was filed. (*See* 1 CR 16). Petitioner requested dismissal of Respondent's cause of action with prejudice, as required under section 74.351(b). (1 CR 16).

### C.    March 31, 2004: Respondent Filed Motion for Extension of Time

Despite the expiration of the expert report deadline a month earlier, Respondent sought relief from the trial court through her Motion to Extend Expert Report Submission Date. (1 CR 32). Therein, she urged that "good cause" existed to extend the submission date of the report because Respondent had provided medical reports and records on October 31, 2003 to Petitioner's insurer, Texas Medical Liability Trust ("TMLT") for forwarding to Petitioner's counsel. (*Id.*). Respondent further stated that the reports included those from the medical treating physician Dr. Rodolfo Guerrero, and no objections or requests for further

-1-

information were filed thereafter. (*Id.*).

On April 1, 2004, Respondent filed a Second Motion to Extend Expert Report Submission Date re-urging "good cause" to extend the submission time of the expert report in that it was not a conscious indifference of Respondent or her attorney, but a clerical error. (1 CR 42).

## D. The Trial Court Granted Respondent's Motions and Extended Time for Serving Expert Report

On April 5, 2004, the trial court heard Petitioner's Motion to Dismiss. (2 RR 4-17). Respondent's counsel argued that the case law under former Article 4590i of the Texas Revised Civil Statutes would continue to apply and the trial court could grant a thirty-day extension within its discretion for a mistake in not serving any expert report by the 120-day deadline. (2 RR 5-6). The trial court requested additional briefing on the legislative intent behind the 120-day requirement, and did not rule on the motion to dismiss. (*Id.* at 13-17).

The parties filed supplemental briefing on the interpretation of Chapter 74. (1 CR 45-132). Petitioner's brief clarified that the trial court could *not* grant a thirty-day extension when no expert report had been served. (1 CR 46-48). Respondent's brief argued for the application of former Article 4590i to extensions where no report had been served. (1 CR 129-130). Respondent contended that the failure to serve the report was a "clerical error and not conscious indifference;" thus, the trial court should grant the thirty-day extension to initially serve the expert report. (1 CR 130-131).

On May 18, 2004, almost four months after the expiration of the expert report deadline, the trial court granted Respondent's Motion to Extend Expert Report, extending the

date to submit Respondent's expert report to June 18, 2004. (1 CR 149). The trial court did not sign any order disposing of Petitioner's motion to dismiss. On June 8, 2004, Respondent served the expert report of Rodolfo Guerrero, M.D. (1 CR 177-78).

## E. Petitioner Re-Urged Dismissal Pursuant to Section 74.351(b) of the Texas Civil Practice and Remedies Code

On June 21, 2004, Petitioner filed a second motion to dismiss rearguing that the case must be dismissed due to Respondent's failure to serve an expert report within 120 days, and further arguing that Respondent's expert report was deficient pursuant to Texas Civil Practice and Remedies Code section 74.351(r)(6). (1 CR 153). On August 9, 2004, the trial court heard Petitioner's second motion to dismiss (3 RR 4-12), and on August 10, 2004, the trial court signed an order denying Petitioner's motion to dismiss. (1 CR 196).

## F. The Court of Appeals Refused to Consider Petitioner's Appeal

On August 30, 2005, Petitioner timely appealed the trial court's August 10, 2005 order denying Petitioner's motion to dismiss. (1 CR 197-198). The Court of Appeals misinterpreted the interlocutory appeal provided for in section 51.014(a)(9) of the Texas Civil Practice and Remedies Code and misconstrued the substance of Petitioner's appeal. The Court of Appeals concluded that Petitioner was challenging "solely" the trial court's granting of an extension, not the trial court's disregard of the requirement for dismissal under section 74.351(b) of the Texas Civil Practice and Remedies Code. *See Badiga v. Lopez*, No. 13-04-00452-CV, 2005 WL 1572273 (Tex. App.–Corpus Christi July 7, 2005, pet. filed) (*See* Tab A). Based on that conclusion, the Court of Appeals decided that it lacked jurisdiction over the appeal, and dismissed it for want of jurisdiction. (*See id.*).

-3-

## SUMMARY OF THE ARGUMENT

This Court should grant the petition, reverse the judgment, and order that this case be dismissed. This case of first impression raises an important issue of the statutory construction of section 51.014(a)(9) and, necessarily, sections 74.351(a) and (b) of the Texas Civil Practice and Remedies Code.[1] Section 51.014(a)(9) authorizes jurisdiction in the courts of appeals over interlocutory appeals arising from a trial court's denial of a motion to dismiss for failure to serve an expert report as required under section 74.351(a) within 120 days after the filing of a health care liability claim under section 74.351(b). It is indisputable that Respondent failed to serve any expert report within the statutorily prescribed 120-day time period. Despite the clear statutory language mandating dismissal, the trial court denied Petitioner's motion to dismiss for failure to serve an expert report.

Petitioner appealed the trial court's order, specifically limiting the appeal only to the issue expressly authorized by section 51.014(a)(9) (the denial of the motion to dismiss), as reflected in Petitioner's single issue and the arguments within Petitioner's and Respondent's briefs. However, the Court of Appeals improperly conducted the statutory interpretation of section 51.014(a)(9) by failing to strictly construe the section according to its plain language which allows the interlocutory appeal of a trial court's denial of all or part of a motion under section 74.351(b). Instead, the Court of Appeals erroneously considered only the exception to section 51.014(a)(9), and construed the appeal as challenging "solely" the grant of the extension of time to serve the expert report, an issue that does not give rise to jurisdiction

---

[1]    Whenever reference is made to a particular "section" or "subsection," it is referring to that section or subsection of the Texas Civil Practice and Remedies Code.

through interlocutory appeal.

Under the Court of Appeals' reasoning, when a trial court grants an extension of time in connection with a motion to dismiss, a defendant's discussion on appeal of the granting of an extension precludes the exercise of its statutory right to appeal the denial of the motion to dismiss. This result conflicts with the plain language of 51.014(a)(9), which allows for an interlocutory appeal of a denial of all or part of a motion to dismiss, and it conflicts with the legislative intent behind sections 74.351(a) and (b) and section 51.014(a)(9). Further, the Court of Appeals' opinion conflicts with the decisions from other courts of appeals' decisions that have exercised jurisdiction over an appealable issue despite the presence of a non-appealable issue. Because this matter presents an issue of importance of the jurisprudence of the state concerning statutory construction, conflicts between the Courts of Appeals, and because this problem is likely to recur given the Court of Appeals' reasoning, this Court should exercise its jurisdiction to review this matter.

## ARGUMENT

A.    **Texas Civil Practice and Remedies Code Chapter 74 Mandates that a Health Care Liability Claimant Must Serve an Expert Report Within 120 days After the Claim is Filed**

Under section 74.351 of the Texas Civil Practice and Remedies Code, a claimant must, not later than the 120th day after the date a health care liability claim is filed, serve on each party one or more expert reports[2] addressing liability and causation and a curriculum

---

[2]    An expert report is:

a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure

-5-

vitae for each expert:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.

TEX. CIV. PRAC. & REM. CODE § 74.351(a) (Vernon 2005). If the expert report is not timely served, the trial court must dismiss the health care liability claim with prejudice. TEX. CIV. PRAC. & REM. CODE § 74.351(b)(2); *see also Vick v. Rangel*, No. 04-05-00362-CV, 2005 WL 2438375 (Tex. App.–San Antonio Oct 5, 2005) (mem. op.) ("Because Rangel failed to meet the deadline set forth in section 74.351(a), the trial court abused its discretion in vacating its earlier order granting Vick's motion to dismiss."), *rev'd sub. nom. Methodist Health Care System of San Antonio, Ltd. v. Rangel*, No. 04-05-00500-CV, 2005 WL 3445994 (Tex. App.–San Antonio Dec 14, 2005, pet. filed).

The requirement of timely serving an expert report is based on the legislature's findings that the medical malpractice insurance crisis in Texas had a material adverse affect on the delivery of medical and health care in Texas, including the significant reductions of availability of medical and health care services to the people of Texas, and a likelihood of further reductions in the future, that the direct cost of medical care to the patient and public

---

and the injury, harm, or damages claimed.

TEX. CIV. PRAC. & REM. CODE § 74.351(r)(6).

-6-

materially increased due to rising costs of malpractice insurance. The legislature included within House Bill 4 of the 78th Legislative Session, the following at section 10.11 of the bill that enacted Chapter 74:

SECTION 10.11.

(a) The Legislature of the State of Texas finds that:

(1) the number of health care liability claims (frequency) has increased since 1995 inordinately;

(2) the filing of legitimate health care liability claims in Texas is a contributing factor affecting medical professional liability rates;

(3) the amounts being paid out by insurers in judgments and settlements (severity) have likewise increased inordinately in the same short period;

(4) the effect of the above has caused a serious public problem in availability of and affordability of adequate medical professional liability insurance;

(5) the situation has created a medical malpractice insurance crisis in Texas;

(6) this crisis has had a material adverse effect on the delivery of medical and health care in Texas, including significant reductions of availability of medical and health care services to the people of Texas and a likelihood of further reductions in the future;

(7) the crisis has had a substantial impact on the physicians and hospitals of Texas and the cost to physicians and hospitals for adequate medical malpractice insurance has dramatically risen, with cost impact on patients and the public;

(8) the direct cost of medical care to the patient and public of Texas has materially increased due to the rising cost of malpractice insurance protection for physicians and hospitals in Texas;

(9)     the crisis has increased the cost of medical care both directly through fees and indirectly through additional services provided for protection against future suits or claims, and defensive medicine has resulted in increasing cost to patients, private insurers, and Texas and has contributed to the general inflation that has marked health care in recent years;

(10)     satisfactory insurance coverage for adequate amounts of insurance in this area is often not available at any price;

(11)     the combined effect of the defects in the medical, insurance, and legal systems has caused a serious public problem both with respect to the availability of coverage and to the high rates being charged by insurers for medical professional liability insurance to some physicians, health care providers, and hospitals; and

(12)     the adoption of certain modifications in the medical, insurance, and legal systems, the total effect of which is currently undetermined, will have a positive effect on the rates charged by insurers for medical professional liability insurance.

(b)     Because of the conditions stated in Subsection (a) of this section, it is the purpose of this article to improve and modify the system by which health care liability claims are determined in order to:

(1)     reduce excessive frequency and severity of health care liability claims through reasonable improvements and modifications in the Texas insurance, tort, and medical practice systems;

(2)     decrease the cost of those claims and ensure that awards are rationally related to actual damages;

(3)     do so in a manner that will not unduly restrict a claimant's rights any more than necessary to deal with the crisis;

(4)     make available to physicians, hospitals, and other health care providers protection against potential liability through the insurance mechanism at reasonably affordable rates;

(5)     make affordable medical and health care more accessible and available to the citizens of Texas;

-8-

(6)     make certain modifications in the medical, insurance, and legal systems in order to determine whether or not there will be an effect on rates charged by insurers for medical professional liability insurance; and

(7)     make certain modifications to the liability laws as they relate to health care liability claims only and with an intention of the legislature to not extend or apply such modifications of liability laws to any other area of the Texas legal system or tort law.

Act of June 2, 2003, 78th Leg. R.S., ch. 204, § 10.11, 2003 Tex. Gen. Laws 847 (current version at TEX. CIV. PRAC. & REM. CODE §§ 74.001-.507 (Vernon 2005)). In order to ensure the legitimacy of health care liability claims, the legislature made the service of an expert report a "threshold" requirement to pursuing a health care liability claim. *See Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex. 2005) (discussing former statute). Thus, in keeping with the legislative intent, when no expert report is served within the 120-day deadline, the trial court will abuse its discretion when it denies a motion to dismiss. *See Kendrick v. Garcia*, 171 S.W.3d 698, 704 (Tex. App.–Eastland, Aug. 18, 2005, pet. filed) (reversing trial court's order denying motion to dismiss where experts' reports were served before 120-day deadline, but never served). When a trial court abuses its discretion in this manner, section 51.014(a)(9) gives the health care provider the right to have the trial court's decision reviewed by on appeal.

**B.     Respondent Failed to Serve an Expert Report as Mandated by Section 74.351 Within 120 Days After the Date of Filing the Health Care Liability Claim; Thus, the Trial Court Was Required to Dismiss the Suit with Prejudice**

1.     *Respondent Failed to Timely Serve Any Expert Report*

Section 74.351(a) mandated that Respondent serve a sufficient expert report on

-9-

Petitioner before the expiration of the 120th day since filing the health care liability claim. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(r)(6). Respondent filed her health care liability claim against Petitioner on October 24, 2003. (1 CR 5). Pursuant to section 74.351(a), Respondent's deadline to serve the required expert report was February 23, 2004. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a). Because Respondent failed to serve *any* expert report on Petitioner by February 23, 2004, Petitioner filed his motion to dismiss on the grounds that Respondent had failed to comply with section 74.351(a) by not serving an expert report by the 120th day after the lawsuit was filed. (*See* 1 CR 16). Petitioner requested dismissal of Respondent's cause of action with prejudice, as required under section 74.351(b). (1 CR 16). The trial court was required to dismiss Respondent's health care liability claim to satisfy the legislative mandate that suits be dismissed for failure to timely serve any expert report.

### 2. *The Trial Court Abused its Discretion in Denying Petitioner's Motion to Dismiss When No Expert Report Had Been Served on Petitioner*

The trial court abused its discretion in denying Petitioner's motion to dismiss under section 74.351. A trial court abuses its discretion if it acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court has no "discretion" in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Id.*

Because no expert report had been served on Petitioner by the 120th day after the filing date, the trial court abused its discretion in denying Petitioner's motion to dismiss. Dismissal

-10-

was mandatory. *See Thoyakulathu v. Brennan*, No. 06-05-00070-CV, 2006 WL 1096191, at *4 (Tex. App.-Texarkana April 27, 2006, no pet. h.). The *Brennan* Court of Appeals acknowledged what is apparent from the statute itself, that without service of an expert report, the case must be dismissed:

> Brennan concedes he did not timely serve Appellants with an expert report of any kind. There is no provision under which Brennan could seek or be granted an extension. Section 74.351(c) applies only when an expert report was not "served" because it was inadequate, not when no report was served at all.

*Id.* Employing strict construction of section 51.014(a)(9), the *Brennan* Court of Appeals reasoned that its review was limited to the portion of the trial court's ruling that denied the motion to dismiss. *See id.* at *1 n.2 ("We strictly construe Section 51.014 as a narrow exception to the general rule that only final judgments or orders are appealable and, therefore, limit our review to the trial court's order denying the doctor's motion to dismiss.") (citing *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001)).

Perhaps most importantly, the *Brennan* Court of Appeals resolved the tension in the appealability of the denial of a motion to dismiss *in favor of exercising its jurisdiction to consider the denial of the motion to dismiss*:

> Inevitably, however, our holding that the trial court erred in denying Appellants' motion to dismiss affects the trial court's order granting the extension. This consequence is consistent with and unavoidable under the structure of the statute. "[T]he relief a court grants under (b) is always 'subject to Subsection (c),' which allows a trial court to deny a defendant's motion to dismiss with fees and costs and instead grant a 30-day extension even where 'an expert report has not been served within the period specified ⋯ because elements of the report are found deficient.'" *Acad. of Oriental Med., L.L.C. v. Andra*, 173 S.W.3d 184, 188 (Tex. App.-Austin 2005, no pet.). So, our actual determination will be whether, under Section 74.351(b), the trial court was required to dismiss Brennan's claims against Appellants, in effect

-11-

> determining whether the trial court lacked the authority to do anything else, including granting an extension.

*Id.* The reasoning in *Brennan* is important here. There being no expert report, the trial court had no discretion but to dismiss Respondent's health care liability claim. The Court of Appeals' refusal to exercise its jurisdiction to consider this specific issue constituted an error of law that this Court should review.

C. **Proper Statutory Construction of Section 51.014(a)(9) Permits Appeal of the Denial of a Motion to Dismiss a Health Care Liability Claim for Failure to Serve an Expert Report**

1. *Standard for Statutory Construction*

Section 51.014(a)(9) gives the courts of appeal jurisdiction to consider the denial of a motion to dismiss a health care liability claim for failure to file an expert report. Proper statutory construction of section 51.014(a)(9) supports the Court of Appeals' jurisdiction.

It is "cardinal law in Texas that a court construes a statute, 'first by looking to the plain and common meaning of the statute's words.'" *Fitzgerald v. Advanced Spine Fixation Systems, Inc.*, 996 S.W.2d 864, 865 (Tex. 1999) (quoting *Liberty Mut. Ins. Co. v. Garrison Contractors*, 966 S.W.2d 42, 44 (Tex. 1998)); *see also Mokkala v. Mead*, 178 S.W.3d 66, 71-72 (Tex. App.–Houston [14th Dist.] 2005, pet. filed).

In construing a statute, this Court's objective is to determine and give effect to the legislature's intent. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003); *Mokkala*, 178 S.W.3d at 71-72. The intent is determined from the entire act, not just isolated portions, and the statute is read as a whole, interpreting it so that every part is given effect. *Mokkala*, 178 S.W.3d at 71. Finally, even if a statute is unambiguous on its face, this Court

-12-

may consider matters including (1) the object the legislature sought to obtain; (2) the circumstances under which the legislature enacted the statute; (3) the legislative history; (4) common law or former statutory provisions, including laws on the same or similar subjects; and (5) the consequences of a particular construction. *See id.* (citing TEX. GOV'T CODE ANN. § 311.023 (Vernon 2005)).

> 2. *Section 51.014(a)(9) Specifically Authorizes Jurisdiction over the Interlocutory Appeal of the Trial Court's Failure to Dismiss the Chapter 74 Health Care Liability Claim Where no Expert Report is Served by 120th Day After Suit is Filed*

Section 51.014(a)(9) grants jurisdiction in the courts of appeals to review an interlocutory appeal of a denial of all or part of a motion to dismiss under section 74.351(b) for failure to timely serve an expert report:

> (a) A person may appeal from an interlocutory order of a district court, county court at law, or county court that:
>
> * * *
>
> (9) denies all or part of the relief sought by a motion under Section 74. 351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351;

TEX. CIV. PRAC. & REM. CODE § 51.014(a)(9); *see also Raley v. Arboretum Group*, No. 10-06-00053-CV, 2006 WL 1280933, at \*1 (Tex. App.–Waco May 10, 2006, no pet. h.) (recognizing that the right to interlocutory appeal of an "order 'den[ying ] all or part of the relief sought by a motion under Section 74.351(b)'" but dismissing for lack of jurisdiction where the claimant had appealed the granting of a motion to dismiss). Further, in *Mokkala*, the Fourteenth Court of Appeals interpreted the legislative intent underlying section 74.351(a) to determine that a "claim" means "a health care liability claim." *Mokkala*, 178

-13-

S.W.3d at 71 (interpreting section 74.351 in accordance with Act of May 5, 1995, 74th Leg., R.S., ch. 140, 1, 1995 Tex. Gen. Laws 985, 986 (setting forth expert-report procedure)). When sections 54.014(a)(9) and 74.351 of the Texas Civil Practice and Remedies Code are interpreted together in accordance with the legislative intent, it becomes apparent that the Court of Appeals had jurisdiction here to consider the appealable issue even though a non-appealable issue was present.

### a.    The Interlocutory Appeal Statute is to be Strictly Construed, and Strict Construction Favors Interlocutory Appeal

Section 51.014(a)'s authorization of interlocutory appeals is an exception to the general rule that only final judgments and orders are appealable. *Andra*, 173 S.W.3d at 184-85. Thus, section 51.014(a)(9) must be strictly construed. *Id.* (citing *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001); *Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 85 (Tex. App.–Austin 2005, pet. denied)).

The Court of Appeals failed to strictly construe section 51.014(a)(9). Instead, the Court of Appeals applied only the exception to jurisdiction of interlocutory appeals found within subsection (a)(9). The Court of Appeals did not apply subsection (a)(9)'s general allowance for interlocutory appeals. If the Court of Appeals had strictly construed subsection (a)(9) and applied all of the statutory language, it should have concluded that it had jurisdiction over Petitioner's appeal because Petitioner challenged solely the trial court's denial of the motion to dismiss, a basis for jurisdiction in subsection (a)(9). This was precisely the construction of the statute noted in *Brennan. See Brennan*, 2006 WL 1096191, at *4. Because the Court of Appeals conducted an improper construction of section

-14-

51.014(a)(9), this Court should exercise its jurisdiction to review this matter.

        **b.**        **The Interrelatedness of an Extension of Time Under Section 74.351 and the Denial of a Motion to Dismiss Under Section 74.351 Does Not Defeat Jurisdiction over the Interlocutory Appeal, and the Court of Appeals' Holding Conflicts with Other Courts of Appeals' Exercise of Jurisdiction Where One Issue is Properly the Subject of Interlocutory Appeal and One is Not**

Petitioner directed the Court of Appeals to a specific issue: the trial court's failure to dismiss the health care liability claim where no expert report had been served within 120 days after the filing of the claim. Nevertheless, the Court of Appeals construed the brief against Petitioner and interpreted it as focusing on the trial court's granting of an extension of time to serve the expert report. *See Badiga*, 2005 WL 1572273, at *1. The Court of Appeals claimed:

> Although appellant maintains that this interlocutory appeal is based on the 120-day filing requirement under section 74.351(b), the brief's arguments revolve solely around the legality of the trial court's granting of the 30-day extension under 74.351(c). In other words, the substance of the appeal is directed at the legality of the 30-day extension.

*Id.* The lack of jurisdiction over that ruling does not preclude statutory jurisdiction from the Court of Appeals. Instead, the Court of Appeals maintained the jurisdiction specifically provided for in subsection (a)(9) – jurisdiction over a trial court's denial of a motion under section 74.351(b).

Other courts of appeals have recognized that they have jurisdiction over a case even if one issue is properly the subject of an interlocutory appeal and one is not. *See, e.g., Letson v. Barnes*, 979 S.W.2d 414, 417 (Tex. App.–Amarillo 1998, pet. denied) ("Yet, to the extent

-15-

that the subject matter of a the non-appealable interlocutory order may affect the validity of the appealable order, the non-appealable order may be considered."); *America Online, Inc. v. Williams*, 958 S.W.2d 268, 271 (Tex. App.–Hous. [14 Dist.] 1997, no writ) (although the appellate court lacked jurisdiction over certain matters, "the appellate court has jurisdiction over matters related to certification that are also included in the order.") (citing *American Express Travel Related Servs. Co. v. Walton*, 883 S.W.2d 703, 707 (Tex. App.–Dallas 1994, orig. proceeding) (since the trial court had disposed of issues of class size and notification in its order certifying the class, the appellate court had jurisdiction to review those collateral issues)); *Texas R.R. Comm'n v. Air Prods. & Chems., Inc.*, 594 S.W.2d 219, 221-22 (Tex. Civ. App.–Austin 1980, writ ref'd n.r.e.) ("Non-appealable interlocutory orders cannot be attacked in an appeal from an appealable interlocutory order, except insofar as the question raised might affect the validity of the appealable order."). The Court of Appeals erred by refusing to exercise its jurisdiction over the *appealable* issue.

In fact, to allow the inextricable presence of an non-appealable matter to defeat the grant of jurisdiction over an appealable matter would render the specific statutory grant of jurisdiction a nullity. *Cf. Letson*, 979 S.W.2d at 417; *Williams*, 958 S.W.2d at 271; *Air Prods. & Chems., Inc.*, 594 S.W.2d at 221-22. Here, the reasoning of the Court of Appeals – applying the exception to appealability first – did indeed render section 51.014(a)(9) a nullity. The Court of Appeals' opinion demonstrates that it did not first consider and apply the *primary* language of section 51.014(a)(9), which permits appeal. Instead, the Court of Appeals first applied the exception:

-16-

The language of section 51.014(a)(9) excludes the possibility of an interlocutory appeal regarding the 30-day extensions granted under section 74.351(c), and thus does not create the exceptional jurisdiction necessary for this Court to hear appellant's claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9).

*Badiga*, 2005 WL 1572273, at \*1. By jumping to the exception first, the Court of Appeals overrode the legislature's specific allowance permitting the appeal of the denial of a motion to dismiss under Chapter 74.

Accordingly, while the Court of Appeals certainly had express jurisdiction over the trial court's denial of Petitioner's motion to dismiss filed pursuant to section 74.351(b). And to dismiss the appeal for lack of jurisdiction constituted a failure to properly construe the grant of jurisdiction contained in section 51.014(a)(9). *See Letson*, 979 S.W.2d at 417; *Williams*, 958 S.W.2d at 271; *Air Prods. & Chems., Inc.*, 594 S.W.2d at 221-22. The Court of Appeals' decision in this matter conflicts with other courts of appeals' decisions on a question of law material to the decision regarding a court of appeals' jurisdiction over interlocutory appeals. *See Brennan*, 2006 WL 1096191, at \*1 n.2; *see also Letson*, 979 S.W.2d at 417; *Williams*, 958 S.W.2d at 271; *Air Prods. & Chems., Inc.*, 594 S.W.2d at 221-22.

c.      **Additionally, Other Courts Have Recognized a Right to an Interlocutory Appeal Under Section 51.014(a)(9) from the Denial of a Motion to Dismiss**

Other courts have recognized a legislatively-enacted right to pursue an interlocutory appeal from an order denying a motion to dismiss where no expert report was timely served. *See, e.g., Christus Health Southeast Texas v. Griffin*, 175 S.W.3d 548, 552 (Tex.

-17-

App.–Beaumont Oct. 20, 2005, no. pet. h.) ("The additional legislation authorizing interlocutory appeal when a trial court denies a motion to dismiss for failure to [serve] an adequate expert report also applied 'only to an action filed on or after the effective date' of September 1, 2003."); *Fort Worth Southwest Nursing Ctr., L.L.C. v. Bly*, 2004 WL 314907, at *1 (Tex. App.–Fort Worth Feb. 19, 2004, no pet.); *see also In re Women's Hosp. of Texas, Inc.*, 141 S.W.3d 144, 148 (Tex. 2004) (Owen, J., concurring and dissenting) (noting that interlocutory appeal is available only in health care liability cases filed on or after September 1, 2003).

In *Bly*, the Forth Worth Court of Appeals recognized that section 51.014(a)(9) allows interlocutory appeals from "orders denying motions to dismiss based on *untimeliness* of expert reports[.]" *Bly*, 2004 WL 314907, at *1 n.4 (emphasis added). Here, the issue in the trial court was the untimeliness of the expert report – in that no expert report at all had been timely served. Section 51.014(a)(9) specifically provides for an appeal for the failure to dismiss a case when no expert report has been timely served. *See id.* The issue was properly the subject of Petitioner's interlocutory appeal, and it did not fall within the "exception" to the interlocutory appeal. *See Andra*, 173 S.W.3d at 184-85 (recognizing that section 51.014(a)(9) " includes an exception: 'an appeal may not be taken from an order granting an extension under Section 74.351'"). Here, because the only issue appealed was the denial of the motion to dismiss, the issue fell within the statutory grant of jurisdiction in section 51.014(a)(9), and the Court of Appeals erroneously failed to exercise jurisdiction over the interlocutory appeals from the order denying the motion to dismiss. *See* TEX. CIV. PRAC. &

-18-

### 4. *The Legislative History Underlying House Bill 4 Supports the Court of Appeals' Jurisdiction Over an Interlocutory Appeal*

Section 51.014(a)(9) was added to the Texas Civil Practice and Remedies Code by legislation effective September 1, 2003. *See* Act of Sept. 1, 2003, 78th Leg., R.S. ch. 204, § 1.03, 2003 Tex. Gen. Laws 847 (current version at TEX. CIV. PRAC. & REM. CODE §§ 74.001-.507 (Vernon 2005)). It is noteworthy that the enactment coincided with the enactment of Chapter 74, and that the legislature specifically chose to codify the grant of jurisdiction in the section of the Texas Civil Practice and Remedies Code governing interlocutory appeals. Although there is little legislative history explaining the statutory addition of section 51.014(a)(9), the reference to "relief sought by motion under Section 74.351(b)" gives rise to consideration of the legislative history behind Chapter 74.[3] And in interpreting the enactment of section 51.014(a)(9), the Court may refer to the circumstances under which the legislature enacted sections 74.351(a) and (b) and section 51.014(a)(9). *See Mokkala*, 178 S.W.3d at 71-72.

Commentators recognize the House Bill 4 amendment to section 51.014 of the Texas Civil Practice and Remedies Code. *See* Michael S. Hull et al., *House Bill 4 and Proposition 12: An Analysis with Legislative History, Part Three*, 36 TEX. TECH L.R. 169, 212 (2005) ("H.B. 4 amended Section 51.014 of the Civil Practice and Remedies Code, the section

---

[3] In speaking on the intent behind Chapter 74's expert report requirement, Representative Joe Nixon stated, "[T]he hard reality is we just need to make a hard and fast deadline, like we do on statue [sic] of limitations–as we do on other requirements." Debate on Tex. H.B. 4 on the Floor of the House, 78th Leg., R.S. 317 (Mar. 19, 2003) (statement of Rep. Nixon) (transcript available from Capitol Research Services, Austin, Texas). He agreed that, if House Bill 4 were passed, it meant that, if an attorney missed the deadline for "filing [sic]" the expert report, the plaintiff would be barred from prosecuting that claim. *Id.* Thus, in keeping with the intent behind Chapter 74, the legislature's objective behind section 51.014(a)(9) was to authorize jurisdiction in the Courts of Appeals over a trial court's failure to recognize that the plaintiff would be barred from prosecuting the claim for failing to serve any expert report within 120 days from the filing of suit.

regarding appeals from interlocutory orders . . .”). Further, "the right of an interlocutory appeal applies to cases in which either no report has been filed or a deficient report has been filed." *Id.* at 214. Here, no report was served by the 120-day deadline. Thus, in accord with the legislative intent underlying section 51.014(a)(9) in keeping with the intent behind Chapter 74, the Court of Appeals had jurisdiction over Petitioner's interlocutory appeal of the denial of the motion to dismiss. *See id.*

> 5. *The Court of Appeals' Ruling Precludes an Appeal of a Trial Court's Denial of a Motion to Dismiss for No Expert Report Where the Trial Court Also Grants an Extension*

>> a. **The Court of Appeals Improperly Construed Petitioner's Appeal, Disregarding Petitioner's Single Issue, the Arguments of Petitioner and Respondent, Sections 74.351(a) and (b), and Petitioner's Right to Appeal Under Section 51.014(a)(9)**

As stated, section 51.014(a)(9) provides for a right to appeal any denial of a motion to dismiss for failure to serve an expert report under section 74.351(a). Petitioner filed his interlocutory appeal as authorized by this section. Within his briefing, Petitioner repeatedly emphasized that the appeal concerned the trial court's denial of the motion to dismiss:

> Appellant requests the Appellate Court vacate the trial court's order of August 10, 2004, denying Appellant's Motion to Dismiss pursuant to TEX. CIV. PRAC. & REM. CODE § 74.351(b) and order this case dismissed with prejudice.

*  *  *

**ISSUES PRESENTED**

Issue 1:

> Did the trial court err in denying Appellant's Motion to Dismiss under Texas Civil Practice & Remedies Code § 74.351(b), when Appellee failed to file an expert report within 120 days after the date Appellee's claim was filed?

(Appellant's Brief at 1, 2, ).

-21-

Appellant is not challenging the adequacy of Plaintiff's expert report through this appeal. To do so would be improper. Appellant is challenging the trial court's ruling denying Defendant's Motion to Dismiss based on Plaintiff's failure to file an expert report within 120 days of the filing of suit as prescribed by TEX. CIV. PRAC. & REM. CODE § 74.351(a) and (b).

\* \* \*

Therefore, the only issue on appeal is whether the trial court erred in denying the Appellant's Motion to Dismiss under TEX. CIV. PRAC. & REM. CODE § 74.351(b). when the Appellee failed to file an expert report within 120 days of the date the claim was filed.

(Appellant's Reply at 3-4). Even Respondent recognized that the scope of the appeal was

limited to the denial of Petitioner's motion to dismiss:

This appeal stems from an Order denying Appellant's Motion to Dismiss the medical malpractice action filed by Appellee against Appellant. (Ct. R., at 5). The basis of Appellant's Motion to Dismiss was that Appellee failed to file an expert report within 120 days after filing suit in accordance with the Texas Civil Practice & Remedies Code § 74.351.

\* \* \*

[T]he Defendant/Appellant's challenge is rooted only in the 120-day requirement, which the trial court denied.

(Appellee's Brief at 1, 3). Despite the stated scope of the appeal, the Court of Appeals

construed Petitioner's argument as concerning solely the granting of the extension:

Although appellant maintains that this interlocutory appeal is based on the 120-day filing requirement under section 74.351(b), the brief's arguments revolve solely around the legality of the trial court's granting of the 30-day extension under 74.351(c). In other words, the substance of the appeal is directed at the legality of the 30-day extension.

\* \* \*

Any relief that appellant could obtain from section 74.351(b) would turn upon appellee's failure to produce a sufficient report within the required 120-day time period. However, this time period was extended 30 days by the trial court pursuant to section 74.351(c). . . . Since the sufficiency of the report is not an issue, this Court is left only to consider the issue of the legality of the 30-day extension provided by the trial court.

(Tab A at 3). The Court of Appeals disregarded Petitioner's plainly-stated issue, the thrust

-22-

of Petitioner's and Respondent's arguments, and Petitioner's statutory right to appeal the denial of the motion to dismiss, to conclude that Petitioner appeared to have argued "solely" the legality of the extension.

In construing Petitioner's briefing narrowly to only encompass the non-appealable issue, the Court of Appeals failed to liberally construe Petitioner's issue to obtain a just, fair, and equitable adjudication of Petitioner's rights. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989) ("[I]t is our practice to construe liberally points of error in order to obtain a just, fair and equitable adjudication of the rights of the litigants."); *see also Reardon v. LightPath Technologies, Inc.*, 183 S.W.3d 429, 443 (Tex. App.-Hous. [14 Dist.] 2005, pet. denied) ("We construe briefing rules reasonably yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule.") (citing *Republic Underwriters Ins. Co. v. Mex.-Tex Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Tex. Mexican Ry. Co. v. Bouchet*, 963 S.W.2d 52, 54-55 (Tex. 1998)."). The Court of Appeals effectively denied Petitioner the right to appeal specifically provided for in section 51.014(a)(9). The Court of Appeals should have considered the appealable issue even though a non-appealable issue was present.

### b.    The Issue is Likely to Recur

The issue presented is likely to recur. In fact, the Third Court of Appeals recently held that no right to appeal exists unless the trial court denies a motion to dismiss under section 74.351 only if it does not also grant an extension of time to cure the deficiencies. *See Heart Hosp. of Austin v. Matthews*, ___ S.W.3d ___, No. 03-05-00317-CV, 2006 WL 1194881 (Tex.

-23-

App. –Austin, May 5, 2006, no pet. h.). In *Matthews*, a similar situation arose entailing the denial of a motion to dismiss and grant of an extension to cure deficient expert reports:

> In this case, appellees filed several reports attempting to satisfy section 74.351. Ogletree objected to those reports and also moved for dismissal under subsection 74.351(b). The trial court agreed that the reports were deficient as to Ogletree, but exercised its discretion to grant appellees an extension of time to file satisfactory reports under subsection 74.351(c) and denied Ogletree's motion to dismiss. Because the trial court's denial of Ogletree's motion also granted an extension under subsection 74.351(c), an interlocutory appeal may not be brought from the court's order. We lack jurisdiction over Ogletree's appeal and therefore dismiss Ogletree's appeal for want of jurisdiction.

*Id.* at *3. The Third Court of Appeals reasoned that no right to appeal exists where the appealable portion of the trial court's order was combined with the non-appealable portion:

> [A]n interlocutory appeal from the denial of a motion to dismiss under subsection 74.351(b) is proper only if the trial court's order does not also grant an extension under subsection 74.351(c). Id. To hold otherwise would essentially eliminate the phrase "an appeal may not be taken from an order granting an extension under Section 74.351" from subsection 51.014(a)(9).

*Id.* Apparently, the *Matthews* Court of Appeals employed the same erroneous reasoning as the Court of Appeals here in concluding that the presence of the non-appealable grant of an extension eliminated the right to appeal. Although *Matthews* is similar to Petitioner's situation in some respects, it is also distinguishable from the instant situation. Contrary to the *Matthews* facts, here, no expert report was served on Dr. Badiga. Thus, the trial court had before it no expert report and was required to dismiss the lawsuit.

The Third Court of Appeals in *Matthews* followed a footnote in its prior opinion in *Andra*, 173 S.W.3d 184 (Tex. App.–Austin 2005, no pet.). In *Andra*, the Third Court of Appeals addressed the argument of whether the trial court's denial of a motion to strike an

-24-

expert report was appealable under section 51.014(a)(9). *See id.* at 184. The appellants had

requested that the trial court strike the report but did not request the relief outlined in section

74.351(b): dismissal with prejudice and attorney's fees. *See id.* at 186. The appellants also

did not assert that no expert report had been timely served because the deadline had not run

at the time appellants filed the motion. *See id.* Consequently, the Third Court of Appeals

construed the appellants' motion to strike as a motion for relief under section 74.351(*l*), not

under section 74.351(b); thus, there was no interlocutory jurisdiction under 54.014(a)(9). *See*

*id.* In a footnote, the Third Court of Appeals noted:

> The grant of an extension to the plaintiff can be a denial of a defendant's
> motion under 74.351(b). Section 51.014(a)(9) generally makes such denials
> the proper subject of an interlocutory appeal. *Id.* § 51.104(a)(9) (West Supp.
> 2004-05).

*Id.* at 188 n.7. However, the *Andra* Court of Appeals continued:

> Rather than inviting us to assume jurisdiction over interlocutory appeals of
> denials of motions other than motions for relief under section 74.351(b), the
> exception in 51.014(9) clarifies that an interlocutory appeal is only available
> when the court had denied a defendant's motion but had not granted the
> plaintiff additional time to cure deficiencies. *See id.* §§ 51.014(9); 74.351(b),
> (c).

*Id.* Under the reasoning of the Third Court of Appeals and the Court of Appeals in this case,

the granting of an extension eliminates the right to appeal the denial of the motion to dismiss.

*See id.*

One other court of appeals, the Tenth Court of Appeals, has recognized the need for

clarity regarding the appealability of interlocutory orders denying relief requested under

section 74.351 and granting an extension: "Though it is not entirely clear where the line is

-25-

to be drawn between the denial of a motion to dismiss under section 74.351(b) and the granting of an extension under section 74.351(c), the defendant is expressly prohibited from bringing an appeal from an order granting such an extension." *Lewis v. Funderburk*, No. 10-05-00197-CV, 2006 WL 870943, at *3 (Tex. App.–Waco April 5, 2006, no pet. h.). Funderburk had filed suit on December 22, 2003, so the 120-day statutory deadline for Funderburk to serve an expert report on Lewis was April 20, 2004. There being on timely served expert report, Lewis filed a motion to dismiss on June 28, 2004. The court denied Lewis' motion to dismiss and granted Funderburk's motion for a 30-day extension. *See id.* at *1. Thereafter, Funderburk timely served an expert report. *See id.* Lewis responded with a second motion to dismiss due to the inadequacy of the expert report, coupled with a motion for reconsideration of the prior denial of the first motion to dismiss and an objection to the sufficiency of plaintiff's expert report. *See id.* The trial court denied the motions, and Lewis filed a notice of appeal.

The majority determined that notice of appeal was filed too late after the denial of the first motion to dismiss; thus, there was no appellate jurisdiction to consider the trial court's ruling that combined the denial of the motion to dismiss with the grant of an extension. *See id.* at *2. The Tenth Court of Appeals characterized the second motion to dismiss and objections to adequacy of the expert report as challenges to the expert report under section 74.351(*l*). *See id.* at *3. There being no appellate jurisdiction for a defendant's appeal of the denial of a section 74.351(*l*) motion, the majority dismissed the appeal for want of jurisdiction. *See id.* at *4.

-26-

Chief Justice Gray dissented, recognizing that the first order had denied the motion to dismiss and granted an extension. *See id.* at \*4-5. But even then, the court of appeals had jurisdiction because the following expert report was deficient:

> the challenge to the sufficiency of an extended report is still a challenge pursuant to section 74.351(b) that no compliant report has been timely served as required by section 74.351(a). And the denial of "all or part of the relief sought by a motion under Section 74.351(b)" by a defendant can be reviewed by interlocutory appeal. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9).

*See id.* at \*4-5. However, the dissent followed *Andra*, reasoning that in order "to give effect to all parts of the statute, the exception requires that the defendant must wait and appeal objections to the extended report, including that there was never a report upon which the extension could be based." *Id.* at \*8 (citing *Andra*, 173 S.W.3d at 188 n.7).

The interpretation adopted by the Third and Thirteenth Courts of Appeals (and recognized by the Tenth Court of Appeals in dissent) conflicts with the line of case authority considering appealable interlocutory rulings even when coupled with non-appealable interlocutory rulings. *See, e.g., Brennan*, 2006 WL 1096191, at \*4; *Letson*, 979 S.W.2d at 417; *Williams*, 958 S.W.2d at 271; *Air Prods. & Chems., Inc.*, 594 S.W.2d at 221-22. Such interpretation also works an injustice because it precludes any defendant's right to appeal the denial of the motion to dismiss for failure to serve an expert report when the trial court grants an extension – even if *no* expert report had been served. As stated above, the legislature intended the 120-day deadline to be a mandatory date – only if the claimant had served a deficient report could an extension be granted. The legislature provided no such leeway for the failure to serve *any* expert report. *See Mokkala*, 178 S.W.3d at 74-76.

-27-

According to the Court of Appeals' opinion, if the trial court refuses to dismiss and grants an extension, or if the trial court grants an extension because a report was timely served but was deficient, any appeal therefrom would "revolve solely around the legality of the trial court's granting of the 30-day extension under 74.351(c)." (Tab A at 2). The Court of Appeals' reasoning is based on a misconstruction of section 51.014(a)(9) which is likely to recur and which would preclude any defendant's right to appeal the denial of a motion to dismiss for no expert report when the trial court grants an extension. Because this result conflicts with a defendant's right interlocutory appeal, this Court should exercise its discretion to review this matter. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(9); *Bly*, 2004 WL 314907, at *1 n.1; Michael S. Hull et al., *House Bill 4 and Proposition 12: An Analysis with Legislative History, Part Three*, 36 TEX. TECH L.R. 169, 212-214 (2005).

### D.   This Court has Jurisdiction Over this Interlocutory Appeal

#### 1.   *The Court has Jurisdiction to Determine if the Court of Appeals Properly Declined to Exercise its Jurisdiction*

This Court has jurisdiction "to determine whether or not the Court of Civil Appeals has jurisdiction of the interlocutory orders from which the appeals were attempted." *Long v. Humble Oil & Refining Co.*, 380 S.W.2d 554, 555 (Tex. 1964) (citing *McCauley v. Consolidated Underwriters*, 304 S.W.2d 265 (Tex. 1957)), *cited in University of Texas Medical Branch at Galveston v. Barrett*, 159 S.W.3d 631, 633 n.8 (Tex. 2005); *see also Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992). "[E]ven when an appeal is interlocutory, we have jurisdiction to determine whether the court of appeals has jurisdiction of the appeal." *University of Texas Southwestern Medical Center of Dallas v.*

-28-

*Margulis*, 11 S.W.3d 186, 187 (Tex. 2000) (citing *Awde v. Dabeit*, 938 S.W.2d 31, 32 (Tex. 1997); *De Los Santos v. Occidental Chem. Corp.*, 933 S.W.2d 493, 494 (Tex. 1996); *Del Valle*, 845 S.W.2d at 809; *Long*, 380 S.W.2d at 555).

In *Del Valle*, the issue was whether the court of appeals had properly declined to exercise its jurisdiction over an interlocutory appeal of an order granting a temporary injunction. "Though appellate review is generally limited to final judgments, a court of appeals may consider an interlocutory order that grants a temporary injunction." *Del Valle*, 845 S.W.2d at 809 (citing TEX. CIV. PRAC. & REM. CODE §§ 51.012, 51.014(4)). Jurisdiction turned on whether the trial court's order could have been "properly be characterized as a temporary injunction." *Id.* The trial court's order provided mandatory, temporary relief pending final resolution of the case. *Id.* But it did not state that it was a writ of injunction. *Id.* Determining that the character and function of the order itself determines its classification, the Court reasoned that the order was a temporary injunction. *Id.* Consequently, the court of appeals should have exercised jurisdiction over the interlocutory appeal. *Id.*

Here, this Court has jurisdiction to determine whether the court of appeals erred in refusing to consider the trial court's denial of Petitioner's motion to dismiss. The Court may exercise its jurisdiction commensurate with its reasoning in *Long* and *Del Valle* and review the court of appeals' determination that it lacked jurisdiction over Petitioner's interlocutory appeal under section 51.014(a)(9).

-29-

**2.** *This Court has Also Jurisdiction Over This Interlocutory Appeal Because of A Conflict in the Courts of Appeals*

      **a.** **This Court has Recognized Jurisdiction Where Courts of Appeals' Decisions Conflict**

This Court has jurisdiction over this interlocutory appeal because of a conflict in the courts of appeals concerning jurisdiction to consider rulings that involve appealable and non-appealable issues. *See* TEX. GOV'T CODE §§ 22.225(b)(3), 22.225(c), 22.001(a)(2).[4] Although this Court generally does not have jurisdiction to consider a petition from an interlocutory appeal, there is an exception for cases in which one of the courts of appeals holds differently from a prior decision of this Court. *See Thomas v. Long,* No. 03-0204, 2006 WL 1043429, at \*2, 49 Tex. Sup. Ct. J. 532 (Tex. April 21, 2006) ("We have jurisdiction over this interlocutory appeal because there is a conflict among the courts of appeals on whether a governmental unit's challenge to subject matter jurisdiction is appealable if raised in a motion for summary judgment."); *Van I.S.D. v. McCarty,* 165 S.W.3d 351, 352 (Tex. 2005) (concluding conflict existed between opinion of court of appeals and prior decision of this Court and, thus, exercising jurisdiction over interlocutory appeal of denial of plea to jurisdiction and reversing denial and dismissing case for want of jurisdiction). Thus, this Court may consider an interlocutory appeal where there is a bona fide conflict between appellate courts. *See id.* at § 22.225(c); *see also Gross v. Innes,* 988 S.W.2d 727, 729 (Tex. 1998) (per curiam). In *Gross,* this Court concluded:

---

[4]    Section 22.001 was amended in 2003 to add subsection (e), which provides that one court "holds differently from another" for purposes of section 22.002(a)(2) "when there is inconsistency in their respective decisions that should be clarified to remove unnecessary uncertainty in the law and unfairness to the litigants." TEX. GOV'T CODE §§ 22.001(e), 22.225(c).

-30-

Thus, we can exercise jurisdiction over an appeal from a [sic] interlocutory order under section 51.014(a)(5) only when there is a dissent or a conflict.

*Id.* (recognizing the exception in the context of an interlocutory appeals from certain summary judgments involving immunity. *See* TEX. CIV. PRAC. & REM. CODE § 51, 014(a)(5)).

        **b.**        **Courts of Appeals' Decisions Conflict on Jurisdiction Over Case When Appeal Involves Appealable and Non-Appealable Issues in the Context of an Interlocutory Appeal**

Here, there is a conflict among the courts of appeals on the important issue of appellate jurisdiction over a case where one issue is properly the subject of an interlocutory appeal and one is not. As explained above, several courts of appeals recognize their jurisdiction over mixed interlocutory issues. *See, e.g., Letson,* 979 S.W.2d at 417; *Williams,* 958 S.W.2d at 271; *Air Prods. & Chems., Inc.,* 594 S.W.2d at 221-22. The decisions by the Third[5] and Thirteenth Courts of Appeals[6] (and as recognized by the Tenth Court of Appeals in dissent[7]) that no appellate jurisdiction exists when a interlocutory appeal involves appealable and non-appealable issues conflicts with the line of case authority considering appealable interlocutory rulings even when coupled with non-appealable interlocutory rulings. *See, e.g., Brennan,* 2006 WL 1096191, at *4; *Letson,* 979 S.W.2d at 417; *Williams,* 958 S.W.2d at 271; *Air Prods. & Chems., Inc.,* 594 S.W.2d at 221-22. Such interpretation also works an injustice because it precludes any defendant's right to appeal the denial of the

---

[5]      *Matthews,* 2006 WL 1194881, at *3; *Andra,* 173 S.W.3d at 184.

[6]      *Badiga,* 2005 WL 1572273.

[7]      *Lewis,* 2006 WL 870943, at *3.

motion to dismiss for failure to serve an expert report when the trial court grants an extension – even if *no* expert report had been served.

Moreover, to date, no Texas authority instructs that this Court does not have jurisdiction in this matter (*i.e.,* an interlocutory appeal involving the denial of a motion to dismiss pursuant to section 74.351). Likewise, no Texas authority instructs that the courts of appeals are the courts of last resort over this particular type of interlocutory appeal. And at this point, the Court has before it petitions for review in at least three other cases involving section 74.351 of the Texas Civil Practice and Remedies Code. *See, e.g., Mokkala,* 178 S.W.3d at 66; *Kendrick,* 171 S.W.3d 698; *Group III, D.C. v. Vincento,* 164 S.W.3d 724 (Tex. App–Houston [14th Dist.] 2005, pet. filed). This Court has jurisdiction over these interlocutory appeals concerning rulings on motions to dismiss for failure to comply with the statutory expert report requirements of section 74.351 of the Texas Civil Practice and Remedies Code where the court of appeals opinion in such matters conflicts with an opinion of a sister court of appeals.

**WHEREFORE, PREMISES CONSIDERED,** Defendant/Appellant/Petitioner S. Murthy Badiga, M.D. respectfully moves this Court grant his Petition for Review, and set this matter for oral argument, and upon submission or within a per curiam opinion, reverse and remand the case to the Court of Appeals for consideration of Petitioner's substantive issues. Petitioner also prays for such other and further relief, general or special, at law or in equity, as this Court deems just.

-32-

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: _Diana L. Faust_

    **R. BRENT COOPER**
    Texas Bar No. 04783250
    **DIANA L. FAUST**
    Texas Bar No. 00793717
    **WILLIAM J. AKINS**
    Texas Bar No. 24011972

900 Jackson Street, Suite 100
Dallas, Texas 75202
TEL: (214) 712-9500
FAX: (214) 712-9540

**ATTORNEYS FOR PETITIONER
S. MURTHY BADIGA, M.D.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on May ___25___, 2006, a true and correct copy of the foregoing Brief on the Merits was served on counsel of record as indicated below.

Mr. E. A. Villarreal, Jr.                                                    **VIA CMRRR**
Law Office of E. A. Villarreal, Jr.
1320 South 10th Street
Edinburg, Texas 78539
**Counsel for Respondent**
**Maricruz Lopez**

Mr. Steven Gonzalez                                       **VIA FIRST CLASS MAIL**
Mr. Edward Castillo
Gonzalez, Gaytan, Garza & Castillo, L.L.P.
1317 E. Quebec Avenue
McAllen, Texas 78503
**Trial Counsel for Petitioner**
**S. Murthy Badiga, M.D.**

_Diana L. Faust_
**DIANA L. FAUST**

NO. 05-0801

## IN THE
## SUPREME COURT OF TEXAS

### S. MURTHY BADIGA, M.D.,
Petitioner,

v.

### MARICRUZ LOPEZ,
Respondent.

On Petition for Review from the
Thirteenth District Court of Appeals at Corpus Christi, Texas
No. 13-04-00452-CV

## APPENDIX TO BRIEF ON THE MERITS OF PETITIONER

In compliance with Rule 38.1(j) of the Texas Rules of Appellate Procedure, Petitioner

S. Murthy Badiga, M.D. submits this Appendix to his Brief on the Merits containing the

following items:

Tab A:     Memorandum Opinion and Judgment of the Court of Appeals: No. 13-
04-00452-CV, 2005 WL 1572273 (Tex. App.–Corpus Christi 2005, pet.
filed) (copy and Westlaw version included)

Tab B:     August 10, 2004 Order Denying Motion to Dismiss (1 CR 196)

## APPENDIX B

*Badiga v. Lopez,* RESPONDENT'S NOTICE OF INTENT TO RELY ON
RESPONDENT'S RESPONSE TO PETITION FOR REVIEW AND THE
RESPONDENT'S RESPONSE TO PETITION FOR REVIEW



**LAW OFFICE OF**
**E. A. VILLARREAL, JR., P.C.**
1320 South 10th Street
Edinburg, Texas 78539
E-Mail: attorneybetovillarreal@yahoo.com
(956) 383-6902
Fax (956) 383-6995

FILED
IN SUPREME COURT
OF TEXAS

JUN 1 4 2006

June 13, 2006

ANDREW WEBER, Clerk
By _____ Deputy

**ORIGINAL**

**VIA: Lone Star Overnight**

**Mr. Andrew Weber, Clerk**
**Supreme Court of Texas**
**Supreme Court Building**
**201 W. 14th Street, Rm 104**
**Austin, Texas 78701**
**512-463-1312**

Re:  S. Murthy Badiga, M.D. Petitioner vs. Maricruz Lopez, Respondent
Supreme Court of Texas, No. 05-0801
Cause No. C-2711-03-B; Maricruz Lopez vs. S. Murthy Badiga, M.D.
Court of Appeals Cause No. 13-04-00452-CV

**Dear Mr. Weber:**

This letter will serve as notice that we intend to rely on the Respondent's Response to Petition for Review which is already on file and as such will not be filing a response to Petitioner's Brief on the Merits. We have enclosed twelve copies of this letter with the original which we respectfully request be filed with the above-reference matter.

Further, please return a file-stamped copy of one of the letters in the enclosed self addressed stamped envelope.

By copy of this letter, we are forwarding a copy of same to all counsel of record. Thank you for your cooperation in this matter.

**Sincerely,**

**LAW OFFICE OF E. A. VILLARREAL, JR., P. C.**

**By:  E. A. VILLARREAL, JR.**
**Attorney at Law**

EAV:ch
**XC:  Our File No.**
cc:  Edward Castillo, Via Fax 956-618-0445 and Regular Mail.
R. Brent Cooper, Cooper & Scully, Via Fax 214-712-9540 and Regular Mail
Rosmarie Kanusky, Fulbright & Jaworski, Via Fax 210-270-7205 and Regular Mail

No. 05-0801

---

IN THE
SUPREME COURT OF TEXAS

---

S. MURTHY BADIGA, M.D.
Petitioner

v.

MARICRUZ LOPEZ
Respondent

---

On Petition for Review from the Thirteenth Court of
Appeals at Corpus Christi, Texas
No. 13-04-00452-CV

---

RESPONSE TO PETITION FOR REVIEW

## TABLE OF CONTENTS

1.   TABLE OF CONTENTS . . . . . . . . . . . . . . . ii

2.   INDEX OF AUTHORITIES . . . . . . . . . . . iii

3.   STATEMENT OF JURISDICTION . . . . . . . . . . vi

4.   ISSUES PRESENTED . . . . . . . . . . . . . . v

5.   SUMMARY OF THE ARGUMENT . . . . . . . . . . . 1

6.   ARGUMENT . . . . . . . . . . . . . . . . . . 2

7.   PRAYER . . . . . . . . . . . . . . . . . . . 9

## INDEX OF AUTHORITIES

**Case**

America Online v. Williams,
958 S.W. 2d 268 (Tex. App.—Hous. [14 Dist.] 1997, no writ) . . . . . . . . . . . . . . . 6

American Express Travel Related Servs. Co v. Walton, 883 S.W. 703 (Tex. App.—Dallas 1994, orig. proceeding) . . . . . . . . . . . . . . . . 6

American Transitional Care Ctrs. V. Palacios,46 S.W.3d 873, 875 (Tex.2001) . . . . . . . . 12

Black v. Bankers Ins. Co., 478 S.W.2d 434, 437 (Tex. 1972) . . . . . . . 7

Christus Health Southeast Texas v. Griffin, 2005 WL 2666473 . . . . . . . . . . . . . . 9

Coastal Corp. v. Garza, 979 S.W.2d 318 Tex.1998) . . . . . . . . . . 10

Fort Worth Southwest Nursing Center, LLC v. Bly, 2004 WL 314907 (Tex.App. Ft. Worth) . . . . . 9

Gonzalez v. Avalos, 907 S.W.2d 443 (Tex.Sup.Ct. 1995) . . . . 2, 4,5

*Hajek v. Bill Mowbray Motors, Inc.,* 647 S.W.2d 253 (Tex.1983) . . . . . . . . . . 5

Kilroy v. Kilroy, (Tex. App. Houston [1st Dist.] May 6th, 2004, no pet). . . . . . . . . . . . . . . . . . . 1

*Letson v. Barnes,* 979 s.w.2D 414 (Tex. App.—Amarillo 1998, pet. denied) . . . . . . . . . . . . . . . . . 6

*Mokkala v. Mead,* 178 S.W.3d 66, 2005 WL 1377766 (Tex.App.-Hous. (14 Dist.)) . . . . . . . . . . . . . . . . . . . . 12

*New York Underwriters Ins. Co. v. Sanchez,*
    799 S.W.2d 677, 679 (Tex. 1990). . . . . . . . 1

*Resendez v. Johnson,*
    52 S.W.3d 689, 156 Ed. Law Rep.1450, 44
    Tex.Sup.Ct.J.336 (Tex.2001). . . . . . . . . 10

*Russ v. Titus Hospital District,*
    128 S.W.3d 332 (Tex.App. - Texarkana 2004) 12, 13

*Sayre v. Mullins,*
    681 S.W.2d 25, 27-28 (Tex. 1984) . . . . . . 8

**Statues, Rules & Constitutions**

Civil Practice & Remedies Code

        Chapter 74 . . . . . . . . . . . . . . . . 9
        §§51.014(a)(4  . . . . . . . . 3, 4, 5, 7,
        9, 11
        §§51.014(a)(9) . . . . . . . . . . . . . . .
         . . . vi, 1, 2, 3, 4, 6, 7, 8, 9, 10,13,14
        §§74.351(b)  .  viii, 1, 2, 3, 4, 6, 12, 13
        §§74.351(c)  . . . . . . . . . . . . . 2, 3

V.T.C.A.  Government Code

        §§22.001(a)(1,2,3) . . . . . . . . vi, vii, 4
        §§22.225(b)(3) . . . . . . . . . . . . . . 10
        §§22.225(c)  . . . . . . . . . . . . . . . 5

**Miscellaneous**

Michael S. Hull et al., House Bill 4 and Proposition
    12:  An Analysis with Legislative History
    36 Tex.Tech L.R. 169, 212 (2005 . . . . . 11, 13

The Medical and Insurance Improvement Act of Texas
    (article 4590i, Vernon's Texas Civil
    Statutes) . . . . . . . . . . . . . . . . 11,12

## <u>STATEMENT OF THE JURISDICTION</u>

Appellant's Petition fails to assert valid grounds for jurisdiction. Contrary to Appellants assertion, the statutory construction provision found in Texas Government Code section 22.001(a)(3) does not confer jurisdiction upon this Court where, as in the present case, the Court of Appeals applied the plain and unambiguous terms of the statute: Texas Civil Practice & Remedies Code Ann. §51.014(a)(9) expressly prohibits interlocutory appeals of orders denying motions to dismiss where an extension has been granted.

The legal authority that proscribes appellate jurisdiction of this matter is contained in a single provision, comprised of only one sentence:

> "A person may appeal from an interlocutory order of a district court, county court at law, or county court that…denies all or part of the relief sought by a motion under section 74.351(b), **except that an appeal may not be taken from an order granting an extension under Section 74.351.**" *Tex. Civ. Prac. & Rem. Code Ann.* Section 51.014(a)(9) (*emphasis added*).

Thus, Section 51.014(a)(9) is a one-sentence provision pertaining to expert reports in medical negligence suits that provides for one thing: it provides

statutory authority for the interlocutory appeal for an order denying a motion to dismiss <u>unless</u> the motion to dismiss was denied because an extension was granted for the deadline to file the expert report.  The Court of Appeals correctly applied the plain and unambiguous language of the statute, thus jurisdiction for the Supreme Court under Section 22.001 is not warranted.

## ISSUES PRESENTED

1. Whether the Courts of Appeals correctly dismissed this interlocutory appeal for lack of jurisdiction because appellate courts are proscribed from reviewing an interlocutory order denying a 74.351(b) motion where the denial was based on the granting of an extension.

2. Whether the Appellant can circumvent the prohibition against interlocutory appeals of orders denying a motion to dismiss where an extension has been granted by separating the denial ruling from the reason for the denial—the extension ruling.

## SUMMARY OF THE ARGUMENT

Courts of appeals have no jurisdiction to hear appeals from interlocutory orders unless specifically authorized by statute. *See New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 679 (Tex. 1990). A statute authorizing an appeal from an interlocutory order is in derogation of the general rule that only final judgments are appealable; therefore, Texas courts strictly construe those statutes authorizing interlocutory appeals. *Kilroy v. Kilroy,* (Tex. App. Houston [1st Dist.] May 6th, 2004, no pet). The Legislature enacted an express provision for interlocutory appeal of orders denying motion to dismiss brought under 74.351(b);it specifically directed that an interlocutory appeal could not be taken from a trial court's decision to grant an extension.

Petitioner asserts that Peitioner's issue on appeal deals *only* with the issue of the Trial Court's denial of Petitioner's Section 74.351(b) Motion to dismiss. Further, Petitioner requests relief pursuant to section 51.014(a)(9) but ignores the specific exception, or limiting of jurisdiction, contained therein. Rather, the exception under

1

Section 51.014(a)(9) clarifies that an interlocutory appeal is only available when the court had denied a defendant's motion but had not granted the plaintiff an extension. *See* *§§51.014(a)(9); §74.351(b)(c).*

The Court of Appeals correctly construed Section 51.014 (a) (9) in determining that that section excludes the possibility of an interlocutory appeal. Accordingly, the exceptional jurisdiction necessary for the Court of Appeals to hear Appellant's claim was not created.

The conclusion reached by the court of appeals here was the direct result of strict statutory construction and interpretation. For Petitioner to suggest otherwise – that there are conflicts among the courts of appeals, that this "problem" is likely to recur, or that this is an issue of importance of the jurisprudence of the state concerning statutory construction is without merit.

## ARGUMENT

**A. The Court of Appeals conducted a proper construction of section 51.014(a)(9).**

Appellee asserts that construction of a statute as grounds for jurisdiction does not apply in this case. These

2

grounds for jurisdiction do not apply in the context of an interlocutory appeal. *See Gonzalez v. Avalos*, 907 S.W.2d 443 (Tex.Sup.Ct. 1995).

In the instant case, Petitioner sought relief under section 74.351(b). The court of Appeals initially considered the major of its own jurisdiction. In doing so, the court of appeals first looked to Section 51.014 in order to determine in fact whether jurisdiction actually exists. There, the court of appeals strictly construed Section 51.014 as narrow exception to the general rule that only final judgments or orders are appealable. The specific language of Section 51.014(a)(9) excludes the possibility of an interlocutory appeal in this case.

> "a person may appeal from an interlocutory order of a district court………that:
>
> …………"denies all or part of the relief sought by a motion under section 74.351(b), **except that an appeal may not be taken from an order granting an extension under Section 74.351"** (*emphasis added*)

Section 51.014(a)(9)

The relief sought under section 74.351(b) is always subject to subsection "c". *See Sections 74.351(b), (c); Section 51.014(a)(9).* It was because of the court of

3

appeals' strict construction of these statutes and the application of *all* of the specific and express statutory language the court of appeals determined no jurisdiction existed.  *See Sections 51.014(a)(9); 74.351(b), (c)*.

**B. Construction of Statute as grounds for jurisdiction does not apply in this case.**

Petitioner asserts that the Court of Appeals did not Construe Section 74.351 and 51.014 accurately and in so doing, that the Court Appeals concluded it had no jurisdiction.  Basically, Petitioner asserts that this Honorable Court should exercise its jurisdiction because the Court of Appeals did not Properly construe these statutes.

Construction of a statute is not a valid ground for exercising jurisdiction in this case.  *See Gonzalez v. Avalos*, 907 S.W.2d 443, 38 Tex.Sup.Ct. J. 335.  In *Gonzalez*, this Honorable Court held that "in interlocutory appeals made final in Court of Appeals, Supreme Court jurisdiction must be sustained on basis of dissent or conflict, with other opinions, not on basis of construction of statute." *Id*. at 444.  *See* V.T.C.A.  Government Code §22.001(a)(1,2,3).     The *Gonzalez* Court further held that

4

"as an appeal from an interlocutory order, the case is appealable to the court of appeals only because of a special statute, Texas Civil Practice and Remedies Code §51.014, which does not itself

state or necessarily imply that the Supreme Court also has the authority to review the appeal. The appeal therefore falls under the provisions of Texas Government Code §22.001(c), stating that all interlocutory appeals are final in the court of appeals, absent dissent or conflict jurisdiction." Id at 444.

Similarly, the instant case presents an appeal from an interlocutory order, which was itself appealable to the Court of Appeals only because of the very same statute, §51.014. Like the case in Gonzalez, this appeal therefore falls under the provisions of Texas Government Code §22.225(c), which states that all interlocutory appeals are final in the court of appeals, absent dissent or conflict jurisdiction.

Respondent asserts then that construction of a statute does not foster jurisdiction in this case. In interlocutory appeals made final in the court of appeals, supreme court jurisdiction must be sustained under subsection (a) (1) (dissent) or subsection (a) (2) (conflicts), and not under

5

subsection (a) (3) (statutory construction). *Gonzalez v. Avalos*, at 444; *See also Hayek v. Bill Mowbray Motors, Inc.,* 647 S.W.2d 253 (Tex.1983).

Accordingly, Respondent asserts then that construction of a statute does not support the exercise of jurisdiction in this case.

**C. The one-sentence provision in Section 51.014 *specifically* "excepts" interlocutory appeals in those cases where the trial court grants Plaintiff additional time and thereby denies a §74.351 Motion to dismiss.**

The granting of the extension in this case necessarily defeats Petitioner's request for the dismissal pursuant to §74.351. That is why the statute is written in terms of appealing "denials" of dismissal orders, except where extensions are "granted." See §74.351; See also 51.014(a)(9).

Appellant's reliance on the cited case law providing for interlocutory appeal of the *appealable* portion of the order is grossly misplaced. *See Letson v. Barnes,* 979 s.w.2D 414 (Tex. App.—Amarillo 1998, pet. denied); *America Online v. Williams,* 958 S.W. 2d 268 (Tex. App.—Hous. [14 Dist.] 1997, no writ); *American Express Travel Related*

6

*Servs. Co v. Walton,* 883 S.W. 703 (Tex. App.—Dallas 1994, orig. proceeding). These cases are inapplicable here.

The cases cited by Appellant address the interlocutory appeal of an order granting or denying of temporary injunctions. Unlike 51.014(a)(9) and the express exception to appealing denial orders based on the granting of an extension, the temporary injunction provision in Section 51.014(a)(4) does not limit or qualify the types of injunctive relief orders that can be appealed. The various appellate courts noted that appellate courts have jurisdiction to review interlocutory orders involving injunctions, and may review the injunctive relief ruling without assuming jurisdiction of other non-appealable matters. Each of these cases involves distinct, separate and unrelated rulings made together with a ruling on injunctive relief. In the present case, however, Defendant's requested relief was denied *because* the extension was granted.

Here, Appellants cannot pick and choose what half of the single-sentence statutory provision they wish to use to create jurisdiction. *See Black v. Bankers Ins. Co.,* 478 S.W.2d 434, 437 (Tex. 1972) (noting that statutory terms cannot be given a meaning out of harmony with other terms of

7

the statute.)

Similarly, a statute must be construed in its entirety and consideration given to the consequences that would follow from each construction. *See Sayre v. Mullins,* 681 S.W.2d 25, 27-28 (Tex. 1984). A look at the end result of Appellant's requested relief illustrates the absurdity of the way it construes Section 51.014(a)(9). If Appellant was to succeed in his efforts, he would have this Court assume jurisdiction only on the portion of the order denying the motion to dismiss, refuse jurisdiction on the portion of the order granting the extension, and dismiss the case for failure to file a report, without ever reviewing or reversing on appeal the trial court's order granting the extension. And this would all be accomplished through their reliance on a statute that provides for interlocutory appeals of dismissal orders *except* where extensions have been granted. This forced approach allows a court to determine that the trial court's conduct was unreasonable-i.e. without reason-while expressly refusing to consider the reason. Appellee urges that this approach would preclude this Court from conducting an appropriate abuse of discretion review of the trial court's denial of the motion to dismiss: a review that necessarily requires the appellate court to consider the extension and the trial court's

8

reasons for granting the extension in lieu of dismissing the case.

**D. No conflict exists among Courts regarding any legislatively enacted right to interlocutory appeal under section 51.014(a)(9).**

Petitioner suggests this Court should exercise jurisdiction over the instant case because "other courts have recognized a right to interlocutory appeal under section 51.014(a)(9) from the denial of a motion to dismiss." First, Petitioner's reliance on *Christus Health Southeast Texas v. Griffin*, 2005 WL 2666473 is misplaced. The issue in that case dealt with whether the party was entitled to interlocutory relief pursuant to Chapter 74 and/or § 51.014. While the Court 'recognized' that the interlocutory relief may be authorized in those cases filed after September 1, 2003, it did not address the applicability of §51.014(a)(9). There, the plaintiffs filed the health care liability claim prior to the effective date of any of the provisions of Chapter 74. What's more, the *Griffin* Court did not render *any* ruling in conflict with

9

that rendered by the court of appeals in the instant case. *Christus Health Southeast Texas v. Griffin*, 2005 WL 2666473.

Petitioner also directs this Court's attention to *Fort Worth Southwest Nursing Center, LLC v. Bly*, 2004 WL 314907 (Tex.App. Ft. Worth) for the proposition that §51.014(a)(9) allows interlocutory appeals from "orders denying motions to dismiss based on untimliness of expert reports." Id at *1. This reliance however is also misplaced and does not address the issue present in the instant case. Rather, *conflict*, as is necessary for review of a unanimous decision of the Court of Appeals on appeal of an interlocutory order, exists only if the *rulings* in the two cases are so far upon the same state of facts that the decision of one case is necessarily conclusive of the decision in the other. V.T.C.A. Government Code §22.225(b)(3), (c); *See Resendez v. Johnson*, 52 S.W.3d 689, 156 Ed. Law Rep.1450, 44 Tex.Sup.Ct.J.336 (Tex.2001). The *conflict* then "must be on the very question of law   actually involved and determined, in respect of an issue in both cases, the test being whether one would operate to overrule the other in case they were both

10

rendered by the same court." *Resendez v. Johnson* at 691, *citing Coastal Corp. v. Garza*, 979 S.W.2d 318 Tex.1998). Under this standard, the court of appeals' decision in this case does not conflict with any of the cases cited by Petitioner. Therefore, this case does not present a *conflict* among courts such as would warrant this Court exercising jurisdiction as the Petitioner suggests.

**E. The Legislative History underlying House Bill 4 does not support the Court of Appeals' jurisdiction over interlocutory appeals such as that in the instant case.**

The legislature *must have* contemplated such situations as those involved in the instant case and intended to provide a "safety valve" for those meritorious claims that might otherwise be lost to a procedural "misstep." Civil Practice & Remedies Code § 74.351 still has some sections "*reserved*," presumably because they haven't passed constitutional muster yet. Obviously, the legislature is not finished with this section. After all, since the legislature "*intended*" to provide a safety valve before September 1, 2003, surely the legislature "intended and

11

intends" to provide some safety valve for those claims filed after September 1, 2003.

This ultimately leads the Court to a "quandary" because pursuant to section 10.09 of HB4, The Medical and Insurance Improvement Act of Texas (article 4590i, Vernon's Texas Civil Statutes) is repealed. To date, there is at least one unanswered question: If all or part of the new legislation is found to be unconstitutional (remember the new law isn't finished yet), and article 4590i has been repealed, then what law governs? This speaks volumes for affording the trial court and vesting it with discretion, an abuse of which, for purposes of appellate review, occurs *only* when a trial court acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *See American Transitional Care Ctrs. V. Palacios*, 46 S.W.3d 873, 875 (Tex.2001) where the court held that "a trial court's decision to dismiss a case under §13.01 [now §74.351(b)] is reviewed for an abuse of discretion." *See Mokkala v. Mead*, 178 S.W.3d 66, 2005 WL 1377766 (Tex.App.-Hous. (14 Dist.)), where the court held that "We apply an abuse-of-discretion standard in reviewing a trial court's decision on a motion to dismiss in which a defendant claims the expert

12

opinion was untimely served." A necessary question then becomes if the dismissal sought by Petitioner under §74.351 is a trial court's ministerial duty and affords no "leeway" as suggested by Petitioner, then why is the review of the decision to grant or deny a §74.351(b) motion reviewed for an abuse of discretion? *See Russ v. Titus Hospital District*, 128 S.W.3d 332 (Tex.App. - Texarkana 2004) where the Court held that the trial court abused its discretion in refusing to grant 30-day extension to file report:

> "If the Court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but rather was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection"

*Russ*, 128 S.W. 3d at 336.

Even Petitioner admits there is little legislative history explaining the addition of section 51.014(a)(9). Senator Joe Nixon's comments on the debate regarding HB4, however, shows us that "of HB4 were passed, it would mean there would be a procedure barring plaintiffs from prosecuting claims if deadlines were not met." This however does not shed

13

any more light on the legislature's intent in codifying §54.014(a)(9)than the *plain meaning* of the words and phrases contained in the statute itself! Accordingly, when taking the plain meaning of the statute into consideration, and when strictly construing the statute as the court of appeals did in the instant case, the interlocutory order in the instant case is not an appealable order. §74.351; §51.014(a)(9).

## CONCLUSION AND PRAYER

Appellate Courts have no jurisdiction to hear appeals from interlocutory orders unless specifically authorized by statute. Appellants' rely solely on Section 51.014 (a)(9) for their authority to appeal this interlocutory order. Section 51.014(a)(9) allows for the interlocutory appeal of an order denying a motion to dismiss *only* when the order does not involve a denial based on the granting of an expert deadline extension. The interlocutory order in this case is precisely the type of order expressly prohibited by the statute.

Respondent Maricruz Lopez respectfully moves this Court to deny Petitioner's Petition for Review and affirm the ruling of the Thirteenth Court of Appeals. Respondent

14

further prays for such other and further relief, general or special, at law or in equity, as this Honorable Court deems just.

Respectfully submitted,

By: _____
E. A. Villarreal, Jr.
Texas Bar Number 20582200
Law Office of E.A. Villarreal,
Jr., P.C.
1320 South 10th Street
Edinburg, Texas 78539
Tel. (956) 383-6902
Fax. (956) 383-6995

Attorney For Plaintiff/appellee,
Maricruz Lopez

## CERTIFICATE OF SERVICE

I certify that on February 2, 2006, a true and correct copy of the forgoing Response to Petition for Review was served on counsel of record as indicated below.

R. Brent Cooper             VIA CMRRR #7002 2410 0007 0562 9777
Cooper & Scully, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
Tel: (214)712-9500
Fax: (214)712-9540
Appellate Attorney for Petitioner
S. Murthy Badiga, M.D.


Mr. Steven Gonzalez          VIA CMRRR #7002 2410 0007 0562 9784
Mr. Edward Castillo
Gonzalez, Gaytan, Garza & Castillo, L.L.P.
1317 Quebec Avenue
McAllen, Texas 78503
Tel: (956) 618-0115
Fax: (956) 618-0445
Trial Counsel for Petitioner
S.Murthy Badiga, M.D.

16

E.A. Villarreal, Jr.